Michael Dean Irwin, a Minor by His Next Friend, James Irwin, Plaintiff-Appellant, v. Omar Bakeries, Inc., a Corporation, and Thomas Newton Ambler, Defendants-Appellees.

Gen. No. 11,809.

Second District.

May 14, 1964.

David A. North, of Rockford, for appellant.

Williams, McCarthy & Kinley, of Rockford, for appellees.

MORAN, J.

This is an action of assault and battery for damages sustained by Michael D. Irwin, plaintiff. The defendant, Thomas Newton Ambler, hereinafter referred to as Ambler, was employed as a truck driver for the defendant, Omar Bakeries, Inc., hereinafter referred to as Omar. The cause was heard before a jury and resulted in a verdict in favor of the defendants. The usual post-trial motions for judgment non obstante veredicto or in the alternative for a new trial were made and denied by the trial court after certain amendments to the defendants' answers were allowed. The plaintiff has perfected this appeal.

On November 18, 1961, the plaintiff was following another automobile and saw this automobile collide with the rear end of a bakery truck which was parked in front of a house located at 320 Shoreland Drive in

Loves Park, Rockford, Illinois. This collision took place at dusk, which was about 5:30 p. m. The truck had been parked at this location by Ambler and it was owned by Omar. The plaintiff, nineteen years of age, parked his automobile in the driveway of a neighbor and commenced searching for a telephone to call emergency help. At this same time the defendant Ambler was servicing one of his patrons in the home described above, and, having heard the collision, went outside to investigate. While leaving the house he saw the plaintiff, for the first time, at the gate leading into the yard. There is a conflict of testimony as to where the plaintiff had been before Ambler first saw him. In any event, when the plaintiff and Ambler were about two or three feet apart, Ambler struck the plaintiff with an uppercut to the left portion of his jaw. The testimony indicates that just prior to the blow being struck, the plaintiff was shouting "call the police" and other similar remarks when approaching the defendant, Ambler. Ambler states that he was looking down at the steps as he descended and when he first saw the plaintiff, he was coming toward him with arms stretched outward toward his face and yelling. Ambler says that his first reaction, since this was approximately two to three feet from him, was to strike the blow complained of by the plaintiff. Only one blow was struck and its effect was to knock the plaintiff to a sitting position and injure his jaw. The defendant Ambler stated that "I thought he meant me harm." However, the plaintiff testified that Ambler called him a "drunken punk." Other witnesses for the plaintiff testified that Ambler had made statements to the effect that he thought the plaintiff was leaving the scene of an accident, and that he thought the plaintiff was going to rob him. The occupant of the house at 320 Shoreland Drive, Mrs. Sansome, testified that after Ambler struck the plaintiff he entered her home

again and said, "I ran a drunk fellow out of your yard," or that he "helped a drunk fellow out of your yard."

At the close of the case in chief the plaintiff made a motion for a directed verdict as to liability and this was denied by the trial court; at the close of all of the evidence the plaintiff again made a motion for a directed verdict which was denied. Upon hearing of the post trial motion, the trial court allowed the defendants to amend their answers to include an affirmative plea of self-defense.

The plaintiff contends the judgment should be reversed on the following grounds:

1) The verdict of not guilty is contrary to law and to the manifest weight of the evidence; 2) The jury was erroneously and inadequately instructed as to the law of the case; 3) The Court abused its discretion in allowing defendants to amend their answers to plead self-defense one month after the jury was discharged.

■ ■ We will begin by considering Appellant's point three. At the beginning of the trial the pleadings consisted of a complaint for assault and battery and answers generally denying the material allegations. During the course of the Plaintiff's case in chief, however, he brought out the element of self-defense when, examining Ambler as an adverse witness pursuant to section 60 of the Practice Act, he drew from him the statement "and he was coming straight at my face, and I believe at the time he meant me harm, and I struck him to defend myself." During the defense portion of the case, the Plaintiff again injected the question of self-defense when, on cross-examination of Ambler, the following question and answer were given.

"Mr. North: Q. You do not deny stating to Mike's mother that when you saw this person running toward you, you acted on reflex action, is that correct?

"A. Well, it could be a combination of reflex and self-defense, Mr. North."

Plaintiff made no objection to this answer. Throughout the trial the proofs were directed to the element of self-defense, then at the conference on instructions, plaintiff's counsel stated "They (the defendants) are rising and falling on self-defense, apparently, at this point," and when Omar's instruction number 8, which concerned self-defense, was tendered and given, the plaintiff did not object. Thereafter, during the argument on the post-trial motion, the defendants were given leave to file and did file their amended answers to conform the pleadings to the proof by setting forth the affirmative pleas of self-defense.

Chapter 110, section 46(3) of the Illinois Revised Statutes states "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." The Courts have held many times that the trial judge's exercise of discretion under this section will not be disturbed unless there has been a clear abuse of discretion causing prejudice to one or more of the parties. The power to allow amendments should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's cause of action or defense. Davidson v. Olivia, 18 Ill App2d 149, 152, 151 NE2d 345. In the case at bar, there was sufficient evidence of self-defense in the record to warrant amendment of the answers, and we do not see how plaintiff was prejudiced by the amendment. We conclude, therefore, that there was no abuse of discretion in allowing the amendment.

■ ■ Plaintiff contends that at the close of all the evidence he was entitled to a directed verdict as to liability and that only the question of damages should have been placed before the jury. His theory

301

is that since he did not acquiesce or consent to being struck, the blow by defendant automatically becomes an unlawful act. While it is true in certain circumstances such conduct becomes an unlawful act and malice will be inferred, still this proposition does not apply to every case. For example, where a person acts to defend himself from what he reasonably believes to be inevitable harm, can he be said to be acting unlawfully? The answer is obviously no, because at the exact moment of the overt act upon which the complaint is based he could have reasoned that he was protecting himself from physical injury. Hindsight might prove him wrong; nevertheless, the unlawfulness attaches, if at all, at the moment of the act and not after it has been completed.

> "If the evidence had shown that the plaintiff's language and demonstrations would have led a reasonably prudent person situated as defendant was, to believe that plaintiff was about to strike him, the law would have justified defendant in striking the first blow. . ." Rermenschneider v. Neusis, 175 Ill App 172.

The question of justification for the acts of Ambler in this case was properly for the jury to determine. The plaintiff claims that the assault was, in fact, willful and malicious as overwhelmingly established by the evidence. We find no error on the part of the trial court in allowing the jury to determine this question.

Next, plaintiff contends the jury was erroneously and inadequately instructed as to the law of the case. The contention is based upon the giving of Ambler's instruction No. 5 and Omar's instruction No. 8, which are as follows:

> No. 5: "The Plaintiff claims that he was injured and sustained damage when Thomas Newton Am-

302

bler, while in the course of his employment and as an agent and servant of Omar Bakeries, Inc., without any provocation or cause, maliciously and wantonly and with force of arms assaulted the Plaintiff. The Plaintiff further claims that the foregoing was the proximate cause of his injuries. The Defendant, Thomas Newton Ambler, has denied that he maliciously and wantonly and with force of arms assaulted the Plaintiff and has admitted that he was acting in the course and within the scope of his employment. The defendant, Omar Bakeries, Inc., admits that the said Thomas Newton Ambler was acting as an agent and servant of Omar Bakeries, Inc., and it is further denied that said Thomas Newton Ambler maliciously, wantonly and with force of arms assaulted the plaintiff. The defendants, Thomas Newton Ambler and Omar Bakeries, Inc., have both denied that the Plaintiff was injured or sustained damages to the extent claimed."

No. 8: "You are instructed that if you believe from the evidence that Thomas Newton Ambler believed that he was threatened with bodily harm by the plaintiff and if you further believe that the plaintiff's acts were such as to induce in a reasonable man situated as Thomas Newton Ambler was, a belief that there was an immediate danger of his being injured, Thomas Newton Ambler had the right to use such reasonable force to defend himself as appeared to him to be necessary and to be reasonable under the circumstances."

At the conference on instructions, in which two instructions for each of the defendants were approved, the plaintiff objected to Ambler's No. 5 on the ground that it was repetitious in that it instructed on issues covered by another proposed instruction. As to No. 8,

no objection was made. Now, for the first time, plaintiff claims that the two instructions taken together are contradictory. By failing to make these specific objections at the conference on instructions, plaintiff waived them. Russo v. Kellogg, 37 Ill App2d 336, 341, 342, 185 NE2d 377. Moreover, we find no merit in any of plaintiff's present objections to the instructions given. Instruction No. 5 sets forth the issues in the case and No. 8 supplements it by setting forth the additional element of self-defense. Plaintiff argues that No. 8 is a preemptory instruction to find the defendants "not guilty." Nowhere in the instruction do we find such language; on the contrary, it simply allows the jury to consider the element of self-defense. It must be assumed that the jury considered all the instructions as a series. Plaintiff's first instruction directed the jury to do so: "You must consider these instructions as a whole, not picking out one instruction and disregarding others." With reference to the propriety of instructions submitted by the trial court, the criterion reiterated in the case law has been whether the jury was fairly, fully and comprehensively informed on the relevant principles, considering the instructions in their entirety. Saunders v. Schultz, 20 Ill2d 301, 314, 170 NE2d 163.

██ Next plaintiff contends that the court erred in failing to give any instructions on the burden of proof. During the conference on instructions plaintiff's instruction No. 12 (an adaptation of IPI 21.02) concerning the burden of proof was passed by the Court "for the time being" but not brought to the Court's attention again. Ambler's counsel informed the Court that he had an instruction covering the point. Later, during the conference, when defendant Ambler's instruction No. 6 was tendered, which was to be considered by the Court in lieu of Plaintiff's No. 12, the plaintiff objected to certain paragraphs, whereupon Ambler's No.

6 was withdrawn. Plaintiff's instruction No. 12 is shown in the record as refused, but we find no statement by the Court during the conference actually refusing No. 12. This is the state of the record and plaintiff claims that Supreme Court Rule 25-1 makes it mandatory that this instruction be given, although he cites no authority for the proposition. Supreme Court Rule 25-1 states (a) "Whenever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the Court determines that the jury should be instructed on the subject, the IPI instruction shall be used, unless the Court determines that it does not accurately state the law. . . ." This Rule simply informs the trial court that when a certain point of law is to be given to the jury in the form of an instruction for a particular case and such instruction is contained in IPI, then the IPI instructions should be used rather than another form, providing of course, that the Court is of the opinion that the factual situation merits such instruction, and further, that the instruction sets forth the prevailing law at the time. Obviously, the mere fact that an instruction appears in IPI does not require the Court to give it without reference to whether it applies to the case. The tendered instruction in this case being IPI 21.02 was not correct in that it omitted any reference to the issue of self-defense which had permeated the proofs and had been raised during the conference on instructions by the plaintiff. Plaintiff argues that if IPI 21.02 had been given it would have cured other defects in the jury instructions in this case. We do not find the defects referred to by plaintiff, and, in any event, the proper instruction concerning burden of proof would have been IPI 21.03, which sets forth the burden of proof upon the plaintiff and also upon the defendant where an affirmative defense is relied.

Finally, the plaintiff has not explained how he was predjudiced by the omission of an instruction emphasizing his burden of proof, and, from our review of the record, we do not believe he was. For these reasons, if the Court did refuse plaintiff's instruction No. 12 we find no reversible error in such refusal.

■ Plaintiff further complains that his instruction No. 18 (IPI No. 14.01) should have been given in this case. Said instruction states:

> "When I use the expression 'willful and wanton conduct', I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety and the safety of others."

Nowhere in the instructions given by the Court does the expression "willful and wanton conduct" appear. It is true that the words "willfully and maliciously assaulted" appears in Plaintiff's instruction No. 23, but it cannot be said that these two expressions are interchangeable. We, therefore, find no error in the trial court's refusal to give Plaintiff's instruction No. 18.

Finding no reversible error in this record, the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.