(No. 39660.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RONALD GEORGE MARTIN, Appellant.

*Opinion filed September 23, 1966.*

DARIO A. GARIBALDI, of Flossmoor, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES ZAGEL, Assistant State's Attorneys, of counsel, for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A jury in the criminal court of Cook County found the defendant, Ronald George Martin, guilty of murder and he was thereafter sentenced to the penitentiary for a term of 25 to 50 years. The judgment of conviction was affirmed by the appellate court, (*People* v. *Martin,* 62 Ill. App. 2d 203,) and while we are in accord with that court's determination and disposition of the majority of the issues raised on review, we have granted defendant's petition for leave to

appeal to more fully examine his contentions: (1) that the trial court erred in refusing to permit his counsel to examine a certain police record; and (2) that evidence of an oral confession by defendant was improperly admitted into evidence.

Facts concerning the crime, which involved the slaying of a tavern keeper after his place of business had been closed at midnight, are fully stated in the opinion of the appellate court and need not be repeated. One witness for the prosecution was Robert Centner, chief of police in the municipality where the homicide occurred, who was examined and exhaustively cross-examined concerning his investigation on the night of the crime and the days which intervened until defendant's arrest. Seeking to rely upon our decision in *People* v. *Scott,* 29 Ill.2d 97, at 110-112, defendant asserts that Centner refreshed his memory from a notebook during his testimony and contends that reversible error occurred when the trial court refused to permit defense counsel to examine such notebook. We recognize the validity and effect of the rule of evidence upon which defendant relies; however, we do not find that the record permits its application in this case.

The first and last mention of the notebook occurred when defense counsel was cross-examining Chief Centner concerning a conversation in which the wife of the homicide victim had told the witness that a man named Walters had been in the tavern on the night in question and had departed shortly after midnight. When queried about the exact time reported to him, Centner fixed it as being between 12:10 and 12:20 A.M., and further testified that he had made a note of the time reported to him, that he believed the notation was in the police file and that he had such file with him. Following this, at the specific request of defense counsel, Chief Centner started to look through a notebook he had kept in connection with the case looking for the notation as to time. As he was doing so, defense counsel asked to see

the notebook but the request was denied when the prosecution objected. Cross-examination then continued during which the witness admitted that he had found no notation in the notebook, and that he had been mistaken when he said that he had noted the time in "that book."

We cannot say on these facts that the witness "spoke" from the notebook, (see: Wigmore on Evidence, 3rd ed., vol. III, sec. 762, p. 108,) or so used it to refresh his memory as to entitle the defense to examine it. Had he stated that he found the time notation in the notebook and given testimony concerning it, a different situation would have been presented. Here, however, Centner found nothing to refresh his memory and the impeaching purpose behind the rule permitting defense counsel to examine the book was achieved when, by his subsequent cross-examination, he admitted that he had been mistaken when he said the time had been noted in the book. Under these circumstances, the trial court did not err.

To bolster his contention, counsel representing the defendant in this court asserts in argument that: "This witness constantly referred to the notebook throughout his testimony;" and further suggests that since Centner gave much testimony as to precise times he must have refreshed his memory from the notebook before he testified. Both approaches are completely without support in the record, by which we are and must be bound, and are of little avail to defendant. To properly preserve the issue for review, the record must affirmatively show that a witness did in fact refresh his memory from some writing; that the identity of the writing was established; that a demand or request to examine such writing was made; and that an adverse ruling was made to the request. *Cf. People* v. *Neiman,* 30 Ill.2d 393; *People* v. *Scott,* 29 Ill.2d 97.

Fred Baum, who was with defendant on the night in question, testified for the prosecution that defendant had taken a pistol from the car in which they were riding, and

had then gone to the rear door of decedent's tavern for the announced intention of purchasing some beer. Continuing, the witness stated that he heard three shots ten to fifteen minutes later, after which he saw defendant emerge from the rear door of the tavern and return to the car. Over objection, Baum then testified defendant had told him that "He had gotten in a little trouble, an argument." Still later, and without objection, the witness testified: (1) that defendant had told him to say that they had left the tavern at 12:10 A.M. if anybody should inquire, and (2) that he had heard defendant tell his ex-wife that he, defendant, had seen a man killed. It is defendant's contention that these statements, if believed by the jury, were tantamount to a confession and were inadmissible because defendant had not been furnished with a list of persons present when the confession was made as required by section 1 of division XIII of the then existing Criminal Code. Ill. Rev. Stat. 1961, chap. 38, par. 729.

We find no merit in this contention. The governing statute specifically refers to confessions which "shall have been made before any law enforcement officer or agency in this State," and clearly the statements made to Baum or to defendant's ex-wife in the presence of Baum were not within the statutory provisions.

We conclude that the judgment of the appellate court was correct in all respects and it is therefore affirmed.

*Judgment affirmed.*