(No. 39944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT D. DAILY, Appellant.

*Opinion filed November 22, 1968.*

Robert D. Daily, of Peoria. (Jack A. Brunnenmeyer, of counsel,) for appellant.

Robert E. Manning, Jr., State's Attorney, of Peoria, (Jay H. Janssen, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

On October 12, 1965, the appellant, Robert D. Daily, in the circuit court of Peoria County was charged in a two-count indictment with rape and indecent liberties with a 12-year-old girl. He was found guilty by a jury and was given a sentence of not less than 20 years nor more than 30 years. On his appeal to this court it is contended that the charge was not proved beyond a reasonable doubt; that a purported confession of the defendant was improperly admitted into evidence; that the trial court erred in instructing the jury and that the court coerced the jury into returning a verdict.

On the morning of September 21, 1965, the victim left her home in Peoria for school. While walking on War Memorial Drive she passed a station wagon which was

parked in the driveway of a water pumping station. The word "studio" was lettered on the side and back of the wagon and there was a hole in the back window which resembled a bullet hole. After walking beyond the vehicle she noticed a man following her. The man came behind her, placed one hand over her mouth and an arm on her shoulder and pulled her from the sidewalk. He partially covered her face with a cloth, dragged her a short distance and raped her. The child immediately ran to school and reported the crime to her principal. She was taken to Methodist Hospital in Peoria, where a medical examination confirmed the rape.

Later, the appellant, a parolee having previously been convicted of burglary, phoned his parole officer. He told him that he had heard of the crime on television and that the police were looking for a station wagon bearing the word "studio" that had been reported on War Memorial Drive on September 21, 1965. Daily informed the officer that he had been there on that date and desired to clear up the matter and explain the presence of his wagon in the area. When he testified at the trial he stated that his station wagon had stalled on Memorial Drive as he was returning home from a roofing company where he was employed.

The appellant voluntarily appeared at the police station and was subsequently placed under arrest. He was identified by the prosecutrix in a lineup with four other men as the rapist and she repeated her identification at the trial. William Marks, an eighth grade student, also identified the defendant in a lineup and at the trial as the man he had seen on War Memorial Drive on the morning of the crime. He had also seen a vehicle meeting the description of the appellant's wagon at that time. After being interrogated intermittently for several hours the appellant signed a statement admitting that he had taken indecent liberties with the child but he did not admit the rape.

We do not agree with the contention that a review of all the evidence compels the conclusion that the verdict was against the manifest weight of such evidence. The prosecutrix had ample opportunity to see the defendant when he accosted her, pulled her from the sidewalk and struggled with her in committing the crime. While the appellant had partially covered her face with a cloth after he pulled her from the sidewalk, the girl testified that she was still able to see him with one eye. She unhesitatingly identified him in a lineup with four other men and again identified him as her assailant at the trial. William Marks, a student at the same school as the prosecutrix, as stated, also identified the defendant. The defendant did confess to having indecently molested the child.

To counter this evidence, the appellant points to testimony offered by two of his witnesses that a station wagon, differing in description from that of the defendant, was parked in the pumping station driveway at the time, according to the prosecution's evidence, the crime was committed. The conclusion invited by the appellant is that the unknown driver of the other wagon was the one who committed the crime. The appellant also cites certain conflicts in evidence to support the claim that the verdict was contrary to the manifest weight of the evidence. Too, the fact that the victim was at first uncertain and even doubtful that the station wagon of the defendant was the wagon at the scene of the crime is asserted by the appellant to support this contention.

However, it is the function of the jury to weigh testimony, judge the credibility of witnesses, and determine factual matters in debatable sets of circumstances. (*People v. Horodecki,* 15 Ill.2d 130, 135; *People v. Woods,* 26 Ill.2d 582, 585.) We will not substitute our judgment for that of the jury nor disturb its finding unless the proof is so unsatisfactory as to cause a reasonable doubt of the acccused's guilt to appear. (*People v. Peto,* 38 Ill.2d 45, 49; *People v.*

*Woods,* 26 Ill.2d 582, 585.) This court has held that the testimony of a single witness is sufficient to convict if it is positive and the witness credible, notwithstanding the fact that the testimony is contradicted by the accused. (See *People* v. *Solomon,* 24 Ill.2d 586, 591; and *People* v. *Cox,* 22 Ill.2d 534, 539.) The prosecutrix positively identified the defendant at the lineup and at the trial. The jury accepted her testimony and we cannot find a basis in the record for saying that the verdict was palpably contrary to the manifest weight of the evidence so as to cause a reasonable doubt of the appellant's guilt.

The appellant argues next that his confession should not have been admitted into evidence as it was false and involuntary. He states he was promised that if he confessed he would not be prosecuted but would be treated only as a parole violator, that he was told he did not need an attorney though he asked for one and that he was subjected to protracted questioning and was exhausted when he gave the confession. The People declare that Daily was intermittently and not continuously questioned, and that about a total of 3 hours and 45 minutes were consumed in active interrogation. It is noted that the defendant's wife was permitted to be with him on two occasions in the period when he was questioned. The People deny that the appellant sought an attorney and state that he was told he had a right to an attorney. The appellant's claim that he was promised he would not be prosecuted if he confessed is also denied by the People.

After a full hearing, the motion to suppress, which had been filed by the defendant, was denied and the trial court found the confession to have been voluntary. Such a finding will not be disturbed by this court unless it can be judged to be contrary to the manifest weight of the evidence. (*People* v. *Ackerson,* 37 Ill.2d 117, 121; *People* v. *Worley,* 37 Ill.2d 439, 444.) The record here discloses substantial evi-

dence to support the finding that the confession was voluntary.

The appellant also complains that certain instructions were erroneously given by the trial court. However, the abstract does not contain all of the instructions and we have consistently held that unless all instructions, both given and refused, are contained in the abstract, a claim of error based on the giving or refusal of instructions will not be heard. (*People* v. *Williams,* 40 Ill.2d 522; *People* v. *Donald,* 29 Ill.2d 283, 287; *People* v. *Robinson,* 27 Ill.2d 289, 292; *People* v. *Bybee,* 9 Ill.2d 214, 221.) Nevertheless, we have examined the instructions complained of and deem they were properly given by the court.

Finally, the appellant contends that the trial court coerced the jury into returning a verdict after its foreman had advised the court that the jurors had not reached an agreement. After the jury deliberated for about 6½ hours the trial judge recalled the jury to ascertain if a verdict had been reached. The foreman announced that it had not and, without disclosing how the jurors stood, stated there had been no change in voting in the preceding two or three hours. The court then directed the jurors to return to the jury room for further deliberations and a short time later a verdict of guilty was returned. After ordering the jury to resume deliberations the trial court denied the appellant's motion to discharge the jury as a hung jury.

The length of jury deliberations is a matter which rests within the sound discretion of the trial court and its judgment in this regard will not be disturbed unless this discretion has been clearly abused. (See 93 A.L.R.2d 627.) Whether discretion has been abused depends on the circumstances of a given case. Four trial days were required to present this case to the jury and 31 witnesses appeared before it. Questions of differing testimony had to be met by the jurors. The trial court soundly exercised its dis-

122

cretion in directing the jury to continue its deliberations. It cannot be realistically argued that the trial court coerced the jury into returning a verdict.

Accordingly, not having found reversible error we affirm the judgment of the circuit court of Peoria County.

*Judgment affirmed.*