The Village of Gulfport, Henderson County, Illinois, Petitioner-Appellant, v. Mary Buettner, Defendant-Appellee, and Gladstone Grain Company, Intervening Petitioner-Appellee.

Gen. No. 68–90.

Third District.

September 17, 1969.

Vilas C. Rice, of Carthage, for appellant.

Love, Beal & Pratt, of Monmouth, for appellee.

RYAN, J.

This is a condemnation proceeding to acquire approximately 2½ acres of land on the Mississippi River to be

used for a harbor for recreational use pursuant to the authority of Illinois Revised Statutes 1967, c 24, § 11–92–1 et seq.

The plaintiff filed a petition to condemn the real estate alleging that the Village of Gulfport had adopted a resolution to establish a harbor and to acquire the real estate and alleged the legal description of the same; that the petitioner had been unable to agree with the defendant as to compensation and prayed that just compensation to be paid to the owners be ascertained by a jury. A copy of the resolution of the village was attached to the petition. The resolution recited the lack of launching or docking facilities in the village for watercraft and that the village contemplates establishing a small boat harbor or marina for the benefit of the residents of the village. It then resolved that the city proceed to acquire by negotiation or condemnation, legal title to the real estate which was described therein.

Numerous pleadings were filed, none of which are involved herein. However, defendant, Buettner, the owner of the real estate filed a motion to dismiss alleging the lack of authority to condemn for various deficiencies. Evidence was taken in support of the motion to dismiss. The court then entered an order dismissing the petition, which order included certain findings of fact which in the court's opinion showed the lack of authority of the village to condemn the property. One such finding of fact was that there was no record of any prior approval of the Department of Public Works of the State of Illinois nor of the proper officials of the United States Government for the acquisition or construction of a harbor as required by chapter 24, section 11–92–2, Ill Rev Stats 1967. Thereafter, the petitioner asked leave to file an amendment to his petition which amendment alleged conditional approval of the project as contained in correspondence from the Department of Public Works and Buildings of the State of Illinois and from the Corps of

Engineers of the Department of the Army. Copies of the letters were attached to the proposed amendment.

The court denied the petitioner's motion for leave to amend and dismissed the petition with prejudice. This order, as well as the earlier order, contained several findings of fact which the trial court deemed jurisdictional. We find it unnecessary to the determination of this case to discuss each finding of fact or to review the determination of the trial court as to the jurisdictional aspect of each finding individually. However, before considering any of the substantive questions presented, we must consider a procedural question. Did the court commit reversible error in denying petitioner's motion for leave to amend the petition? We do not think this action of the trial court constituted error.

 Ill Rev Stats 1967, c 47, § 5 provides that in a proceeding under the Eminent Domain Act, amendments to the petition may be permitted whenever necessary to a fair and final determination of the questions involved. We are of the opinion that the same liberality should be exercised in allowing amendments under this statutory provision as is extended to pleaders in allowing amendments under the provisions of section 46 of the Civil Practice Act (Ill Rev Stats, c 110, § 46). The power to allow amendments should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of the parties' cause of action or defense. Irwin v. Omar Bakeries, Inc., 48 Ill App2d 297, 198 NE2d 700; Department of Public Works and Buildings v. Greenlee, 63 Ill App2d 425, 211 NE2d 771. We likewise believe that under the Eminent Domain Act, as under the Civil Practice Act, the trial judge's exercise of discretion in allowing amendments will not be disturbed unless there has been a clear abuse of discretion. Deasey v. City of Chicago, 412 Ill 151, 105 NE2d 727; Irwin v. Omar Bakeries, Inc., supra; Department of Public Works and Buildings v. Greenlee, supra.

Among many trial practitioners it is considered a more orderly procedure to allow a proposed amendment to a pleading and then to test the sufficiency of the amended pleading by a motion to dismiss. However, when passing upon a motion for leave to amend as well as when considering a motion to dismiss the court may consider the ultimate efficacy of a claim as stated in the proposed amended pleading. Deasey v. City of Chicago, supra. If the proposed amendment does not remedy an obvious defect in the pleading of which amendment is sought it is not an abuse of discretion for the trial court to deny the same.

In the case at bar the proposed amendment dealt only with the question of the conditional consent of the state and federal authorities which the statute requires before an improvement such as the one proposed may be undertaken. This proposed amendment obviously did not touch upon other jurisdictional defects in the condemnation proceeding which had been enumerated in the findings of the trial court and which defects we consider crucial and shall discuss later. For this reason we do not consider that the trial court abused its discretion in denying the petitioner's motion for leave to amend. The motion was accompanied by the proposed amendment which showed the defects sought to be cured. The court in passing on the motion was, therefore, aware that the proposed amendment did not remedy an obvious defect in the petition.

Before considering the crucial point of the case we wish to express our opinion on one finding of the trial judge. The trial judge found that the proposed plan for construction which was introduced at a hearing on the motion to dismiss was for the construction of a boat launching ramp. This, the court concluded was not included in the definition of "harbor" as contained in section 11–92–1 of the act. The city, therefore, had no authority to condemn land for the construction thereof. We cannot agree with this finding of the trial court.

6

The various statutory sections referred to herein are found in the Ill Rev Stats 1967, c 24. Division 92 of said statute is entitled "Harbors for Recreational Use." Section 11-92-2 authorized a city or village of less than 500,000 population to "acquire, construct, replace, enlarge, improve, maintain and operate a harbor for recreational use and benefit of the public." Section 11-92-3 in order to carry out the purposes of the act authorized the city or village to furnish complete harbor facilities "including harbors, marinas, slips, docks, piers, breakwaters, and all buildings, structures, facilities, connections, equipment, parking areas and all other improvements for use in connection therewith."

█ We do not think that the legislature in these various sections was attempting to specify or limit the particular structures or improvements that could be constructed or maintained under the provisions of the act. The intent to be derived from these sections was an intention to authorize cities and villages to provide facilities for recreational boating. One has only to observe the many small boats being transported over the highways to and from the various bodies of water in this state to realize that some facility for launching these boats into the bodies of water and removing them therefrom is a very important and necessary adjunct to any facility which is being provided for recreational boating. Although a boat launching ramp may not constitute a complete harbor as we usually consider this term, we do think that it constitutes a facility which may be constructed under the authority granted in the statutory sections which we have just discussed, provided, of course, that the same be usable for recreational boating.

The fatal defect in the petition to condemn and the defect which the proposed amendment to the petition did not attempt to remedy concerns the total lack of authority of the city to act as revealed in the petition itself. The Illinois Municipal Code (Ill Rev Stats 1967, c 24) is divided into articles, divisions and sections. Article 11 relates

7

to corporate powers and functions. Divisions 92 through 100 of Article 11 relate to recreational facilities. Division 92 is entitled, "Harbors for Recreational Use." It is by virtue of the authority contained in Division 92 that the plaintiff seeks to condemn the property here involved. Section 7 of Article 11, Division 92 (Ill Rev Stats 1967, c 24, § 11–92–7) provides:

> "The corporate authority of any city or village availing under this Division 92 shall adopt an ordinance describing in a general way the harbor and facilities thereof or relating thereto to be constructed, enlarged, improved, operated and maintained as a harbor for the use and benefit of the public and refer to the general plans and specifications therefore prepared for that purpose. These plans and specifications shall be open to the inspection of the public. Any such ordinance shall set out the estimated cost of the harbor or facilities thereof, or relating thereto, and shall fix the maximum amount of revenue bonds proposed to be issued therefor. . . ."

The petitioner contends that this section of the statute pertains only to the authority to issue revenue bonds and not to the exercise of the power of eminent domain. We do not agree. The introductory phrase of this section above quoted indicates that a city or village which seeks to establish a harbor for recreational purposes under the provisions of this division must adopt an ordinance. The section further specifies what the ordinance must contain. Petitioner never adopted an ordinance relating to this subject. It adopted the resolution which made certain recitals and *resolved* that the city proceed to acquire the land by negotiation or condemnation. Even if we were to consider the resolution to be an ordinance (which we cannot do as hereinafter discussed), it still does not comply with the statutory requirements. It does not: (1) describe in a general way the harbor and

facilities to be constructed, (2) refer to general plans and specifications therefore prepared for that purpose, (3) set out the estimated cost of the harbor or facilities, or (4) fix maximum amount of revenue bonds proposed to be issued therefor. The statute requires that these matters be contained in the ordinance adopted by the city. The authority of the petitioner to acquire land by condemnation for the purposes of the act is found in section 11-92-3 of the Illinois Municipal Code. However, before the petitioner had the authority to proceed under the provisions of Division 92 it was necessary that the proper ordinance be adopted as specified in the statute. This, the city failed to do and thus, it acquired no authority to condemn any property for the purposes of establishing a harbor for recreational purposes.

 As noted above the petitioner elected to adopt a resolution and not an ordinance. The statute states that the corporate authorities "availing under this Division 92 shall adopt an ordinance" (section 11-92-7, Illinois Municipal Code). Where the law requires that an act be done by ordinance a resolution is not sufficient. An ordinance is necessary. Village of Altamont v. Baltimore & O. S. W. R. Co., 184 Ill 47, 56 NE 340; Houston v. Village of Maywood, 11 Ill App2d 433, 138 NE2d 37; Lee v. City of Venice, 206 Ill App 376. A resolution is a form by which the legislative body expresses an opinion. Acts of legislation by a municipal corporation which are to have continuing force and effect must be embodied in an ordinance while mere ministerial acts may be in the form of resolution. When a statute requires that the municipal body act by adopting an ordinance, the adoption of a resolution will not suffice. Chicago & N. P. R. Co. v. City of Chicago, 174 Ill 439, 51 NE 596; People v. City of Chicago, 363 Ill 409, 2 NE2d 330. An ordinance prescribes a permanent rule of conduct or government while a resolution is of a special and temporary character.

9

Village of Altamont v. Baltimore & O. S. W. R. Co., supra, 8 Ill Law and Practice Cities and Villages, §§ 121, 122, 123.

We hold that since the petitioner did not adopt the ordinance as required by statute it had no authority to file a petition to condemn land for the purpose of establishing a harbor for recreational facilities. The decision of the trial court will accordingly be affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.