(No. 41435.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RONALD GEORGE MARTIN, Appellant.

*Opinion filed January 28, 1970.—Modified on denial of rehearing, March 23, 1970.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (RONALD P. KATZ, and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDMARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ROBERT McGEE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Ronald Martin, the defendant, was convicted of the murder of Everett McCrea, which occurred on April 7, 1962. In subsequent appeals to the Appellate Court, First District, (62 Ill. App. 2d 203) and to this court (35 Ill.2d 289) his conviction was affirmed. At a post-conviction hearing conducted during December, 1967, defendant raised for the first time the issue that he was denied effective representation of appointed counsel at his trial. The circuit court of Cook County denied defendant's prayer for relief

on January 19, 1968, after an evidentiary hearing. Defendant appeals this decision.

At defendant's trial there were two main witnesses for the State. One was Mrs. McCrea, wife of the murder victim, who positively identified the defendant as the murderer. The other important witness was Fred Baum who testified that defendant was armed and in the tavern at the time of the shooting. The defendant's appointed attorneys vigorously cross-examined these witnesses. However, the attorneys failed to call any witnesses for the defense even though the defendant had given them the names of an alibi witness and another witness who could testify to the lack of credibility of Fred Baum. The defendant claims he fully expected these witnesses to be called by his counsel and asserts that his attorneys' failure to call them deprived him of adequate representation.

We find no merit in defendant's assertion. Both the attorneys were well qualified to represent the defendant in a murder trial. Both had been practicing in Illinois for over ten years. One had been an assistant State's Attorney for Cook County in the criminal division for three years where he handled hundreds of criminal prosecutions. The other attorney had handled 15 to 20 criminal cases including murder cases. The record also shows that defendant's trial counsel did thorough preparation work for trial. They visited the scene of the crime and took pictures, interviewed a number of prospective witnesses, and conferred with the defendant on numerous occasions.

We find that the decision not to call defense witnesses was based on the exercise of judgment and discretion. The alibi witness had a criminal record and was a drinking partner of the defendant. Moreover, the attorneys had observed the prospective witness's demeanor over a period of time. The conclusion that the witness might have done "more harm than good" was certainly an exercise of judgment.

The decision not to call the impeaching witness was like-

wise an exercise of judgment. This prospective witness was the stepfather of the witness he would seek to impeach. The State's witness did not appear to defendant's counsel to be sufficiently damaging to risk the re-emphasis of his testimony by attempting to impeach him. Furthermore, counsel hoped that by resting without calling witnesses they would catch the State unprepared for going to the jury.

The names of other prospective witnesses were mentioned at the post-conviction hearing. The mother of the defendant stated that she could have testified as to Fred Baum's bad reputation for truth, but it appeared that she lived out of the State and prior to trial had not volunteered to testify. There was no showing as to what material testimony the other named persons could have given. It did appear that they had been contacted by defendant's counsel.

We feel bound by *People* v. *Wesley,* 30 Ill.2d 131, 136, where it was said "it is well settled that review of appointed counsel's competence does not extend to those areas involving the exercise of judgment, discretion or trial tactics, [citation] and this is true even though appellate counsel or the reviewing court might have acted in a different manner." We therefore affirm the judgment.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.