(No. 43342.—

The People of the State of Illinois, Appellee, *vs.* Leroy P. Newell, Appellant.

*Opinion filed May 21, 1971.*

DONALD L. JOHNSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and RICHARD PEZZOPANE, (Senior Law Student), Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Leroy Newell, herein referred to as defendant, and Edward Johnson, were tried by jury in the circuit court of Cook County and convicted of the crime of armed robbery. The judgment of conviction was affirmed by the Appellate Court. (*People* v. *Johnson*, 123 Ill. App. 2d 69.) While the appeal was pending defendant Newell filed a post-conviction petition in the trial court and, following an evidentiary hearing, the trial court denied relief. The final judgment in that proceeding was entered before the judgment of the Appellate Court was handed down. This appeal is by defendant Newell from the denial of his post-conviction petition.

The amended post-conviction petition which was prepared by appointed counsel raised two points. The petition

alleged that the defendant was deprived of his right to the assistance of counsel at a pretrial identification proceeding, and that the allegedly improper confrontation led to the identification of the defendant at the trial. The second allegation was that the defendant was denied the effective assistance of counsel at his trial.

The identification about which defendant complains occurred after the effective date of the decisions of the United States Supreme Court in *United States* v. *Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, and defendant claims that under the doctrine of those cases he had an absolute right to the assistance of counsel at the time of the identification. A determination of this issue requires a brief statement as to the circumstances under which defendant was identified. The robbery occurred at about 12:30 P.M. on a summer day. The victim testified that he was accosted by three unmasked men as he was returning to work from his lunch hour. After the robbery the robbers walked away and the victim ran to his place of employment to telephone the police. He then returned to the street, stopped a passing motorist and rode with him a short distance until they met a police car. The victim then rode around the area with the police officers for a short time when he observed the three robbers buying some refreshments from a sidewalk vendor. The three men saw the victim in the squad car and turned and ran. One of the officers made a call over the police radio and a short time later other officers in another squad car observed a man answering the defendant's description and placed him under arrest. Immediately following defendant's arrest the police car in which the victim was riding arrived at the scene. At that time the victim identified the defendant as one of the robbers. The circumstances under which this identification was made were similar to those in *People* v. *Young,* 46 Ill.2d 82, in which the identification also occurred after *Wade*

and *Gilbert.* In that case the victim of the robbery reported it to the police and soon thereafter the officer to whom the report had been made arrested the defendant. Immediately following the arrest the victim identified the defendant. We held that the identification in the absence of counsel did not deprive the defendant of his constitutional right to counsel and pointed out that police officers had a duty to determine at once whether or not the victim of the crime could identify a person in custody as the man who had committed the crime. We are of the opinion that the identification here, coming soon after the crime and near the scene of the crime, did not violate any of the rights of the defendant.

We turn now to a consideration of defendant's charge that his counsel at his trial did not adequately represent him. Although the post-conviction petition made numerous specific charges of trial counsel's incompetency, the principal argument advanced on the appeal is that counsel failed to call a certain witness whose testimony would allegedly have reflected upon the credibility of the testimony of the victim. In support of this allegation an affidavit by the mother of Johnson, the co-defendant, was attached to the petition. In that affidavit she stated that she had talked to the robbery victim at the time of the preliminary hearing and at that time he said that the robbery occurred at a different place than the location to which he testified at the trial. The affidavit also stated that she advised trial counsel of this discrepancy during the course of the trial. She was not called as a witness at the trial. However, a post-trial motion was filed in which counsel alleged that he first learned of this testimony following the conclusion of the trial. A new trial was sought on the basis of newly discovered evidence. At the hearing on the motion for a new trial, Johnson's mother testified that she first told counsel about the alleged discrepancy in the victim's testimony after the trial had been concluded. The motion for a new trial was denied and the Appellate Court held that the denial of the motion was

not erroneous. The trial attorney testified at the post-conviction hearing that to the best of his recollection Johnson's mother did not tell him about the alleged discrepancy until after the trial had concluded. Counsel testified that he interviewed Johnson's mother over a week-end recess. He was primarily interested in seeing whether she or any other member of Johnson's or Newell's family could provide an alibi. To the best of his recollection there was no conversation concerning the victim's testimony as to the place of the robbery. The only claim that the attorney knew of the possible impeaching testimony during the trial was contained in the affidavit of Johnson's mother. This affidavit was contrary to the allegations of the post-trial motion and to her testimony at that time. Considering the entire record we think it is clear that the defendant failed to establish his charge that his trial counsel was negligent in failing to call Johnson's mother as a witness at the trial. In the alternative, it is argued that even if trial counsel did not know of the alleged discrepancy during the trial, he was negligent in not learning of it. We find no merit to this claim. Counsel diligently investigated the case over the week-end recess to develop possible alibi testimony. He can not be charged with negligence in failing to discover an alleged discrepancy about which he had no information. Other specific charges of incompetency which were alleged in the petition are that different attorneys from the office of the public defender handled different parts of the case and that trial counsel first met the defendant on the morning of the trial; that counsel did not prepare a proper motion for substitution of judges; that he failed to object to the prosecutor's closing argument; that he failed to obtain the transcript of the testimony before the grand jury and the testimony at the preliminary hearing; that he did not attempt to obtain a photograph of the defendant allegedly taken at a police station; that he failed to object to improper testimony; and that he failed to move for discharge under the 120-day

statute. As stated in *People* v. *Harper*, 43 Ill.2d 368, 374, a conclusion of inadequate representation can be reached only by demonstrating actual incompetence of counsel and a showing of substantial prejudice. Matters going to the exercise of judgment and discretion and trial tactics are insufficient to establish the incompetence of counsel. (*People* v. *Wesley*, 30 Ill. 2d 131, 136.) The allegations of the petition fall largely in this category. The most serious of the charges are those concerned with the failure of trial counsel to obtain the grand jury minutes and the testimony at the preliminary hearing. Even if these transcripts were available the most they would have established was a discrepancy in the testimony of the complaining witness as to the location of the crime. In view of the positive identification testimony, which afforded clear evidence of the defendant's guilt, we are of the opinion that even if trial counsel had been able to establish a discrepancy in the testimony of the victim as to the place where the crime occurred, it would have had no effect upon the outcome of the trial.

We find that the trial court ruled correctly in denying the post-conviction petition. The judgment of the circuit court of Cook County is therefore affirmed.

*Judgment affirmed.*