THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID PULLEY, Defendant-Appellant.

(No. 71-62;

Third District—May 14, 1973.

STOUDER, J., dissenting.

John L. Barton, of Marseilles, for appellant.

Ludwig J. Kuhar, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

David Pulley was found guilty of attempted murder in a cause tried by a jury and was sentenced by the circuit court of Will County to a term in prison of not less than seven nor more than fifteen years. The jury was unable to reach a verdict on an additional charged offense of armed robbery.

On appeal in this court, defendant Pulley seeks reversal on five separate grounds. Pulley contends (1) that the court instructed the jury on the elements of attempted murder but failed to instruct the jury on the elements of murder; (2) that the court failed to instruct the jury on

elements of self-defense which defendant contended was his theory of defense at the trial; (3) that defendant Pulley did not receive effective assistance from his court-appointed counsel; (4) that the court improperly denied the jury's request that some of the testimony be read to them when the court did not first seek to determine the reasonableness of the request; and (5) that defendant was denied his right to a trial by jury when there was a written communication between the judge and jury outside of the presence of the defendant.

It appears from the record that on December 19, 1970, two men committed an armed robbery of a clothing store. The police arrived in time to find one robber still in the store. Three policemen chased the robber from the store to an alley, down a street and into another alley. There they lost sight of him for a matter of a few seconds, but when two of them cut across the same alley in the backyard they both observed a man standing in the shadow near a house dressed in the same type of clothes as the man they had been chasing. This man was David Pulley.

The policemen testified that one approached defendant Pulley and said, "Halt, police." Pulley responded by shooting at one of the policemen and wounding him in the stomach. Both policemen testified that one policeman shot back, and that the bullet wounded Pulley, causing Pulley to fall wounded to the ground. One of the policemen then asked Pulley for his gun, and Pulley replied, "I'm getting it for you, you mother f- - - - " (obscenity).

Pulley contends that he was an innocent bystander and that he apparently found himself caught between pursuing policemen and a pursued robber. He said he dodged between houses to let the police pass. One policeman followed him, however, he said, and without warning, shot at him. Pulley was hit in the hip and leg, spun around, and fell to the ground. He then said, "By that time I had my gun out. So I fired my gun one time, that I know. I don't know if I fired at * * * I don't think I fired it twice but I remember firing it one time. I wasn't trying to kill the man or nothing now, but I was just trying to get him off, some of his relief off me."

■■■■ It is apparent from the record that the attorney for defendant did not tender instructions with respect to self-defense and that he did not object to the instructions which the court gave to the jury. Defendant also failed to interpose any objections at the conference on instructions. This constitutes a waiver of any objection which then might have been made. (*Irwin v. Omar Bakeries, Inc.*, 48 Ill.App.2d 297, 198 N.E.2d 700; *Smelcer v. Sanders*, 39 Ill.App.2d 164, 188 N.E.2d 391.) A court of review will not review such objection when it is interposed for the first time on appeal. An appellant likewise will not be heard to complain of

the court's failure to give an instruction if he failed to tender it to the trial court. We do not believe that a trial court is required, *sua sponte,* to propound other instructions in a situation such as disclosed in this case.

Defendant contends that his court-appointed counsel was incompetent in not objecting to the court's failure to instruct on the elements of murder and in not tendering instructions on the element of self-defense or arguing such theory to the jury. The contention, basically, is that defense counsel was incompetent to the extent that defendant has been denied due process of law. We do not believe the record supports defendant's contentions in this respect nor with respect to objections as to the instructions referred to.

The instruction which was tendered with respect to attempted murder was taken from Illinois Pattern Jury Instructions—Criminal 6.05—Attempt. The instruction, therefore, read:

> "A person commits the crime of attempt who, with intent to commit the crime of murder, does any act which constitutes a substantial step toward the commission of the crime of murder. The crime attempted need not have been committed."

The Supreme Court of this State in *People v. Gersbacher,* 44 Ill. 2d 321, 325, 255 N.E.2d 429, 432, considered a similar issue and refused to reverse the judgment and conviction on the same contention as made in this court. In such case, the Supreme Court said:

> "Although it would have been preferable to instruct the jury on the elements of the crime attempted, after reviewing the record before us, we find that the evidence presented to the jury regarding the attempted murder was such that no error was occasioned by the failure of the court to give an instruction in this regard."

In the cause before us, the record establishes that defendant, without lawful justification, shot at the policeman with the intent to kill or do great bodily harm to him, or at least with the knowledge that his act would cause death or a strong probability of great bodily harm or death. We, therefore, believe there is no basis for reversal relating to the instruction given with respect to attempted murder. We have noted that the defendant's attorney failed to object to it. Similarly, there is no reversible error in failure to give an instruction on the issue of self-defense. Defendant's attorney tendered no such instruction. The trial attorney representing defendant apparently decided that it would be poor trial tactics to argue self-defense to the jury or to tender an applicable instruction.

Defendant's contentions with respect to all the errors assigned revolve

about a contention that he did not receive effective assistance from his court-appointed counsel. Some point is made of the failure of defendant's attorney to pursue the motion to suppress the defendant's obscene statement made to the arresting officer. The police officer obviously had the right to complete the valid arrest and to take the gun from the person of defendant who had just used it to shoot another policeman. While there would be no basis for reversal in the event the motion with respect to the statement was rejected we note that the defense counsel in the cause before us did pursue the motion to suppress the defendant's obscene statement, and that the trial court did in fact direct the jury to disregard the statement.

■■ There is no showing in the record that defendant's counsel was so incompetent as to deprive defendant of his constitutional right to counsel. The criticisms made of defense counsel relate to exercise of judgment or discretion by counsel and do not justify a reversal on account of such activities of the trial counsel at the time of trial. *People v. Martin*, 44 Ill. 2d 489, 256 N.E.2d 337; *People v. Newell*, 48 Ill. 2d 382, 268 N.E. 2d 17; *People v. Lobb*, 1 Ill. App. 3d 239, 273 N.E. 2d 206.

Defendant also questions the attorney's failure to obtain a transcript of prior testimony of certain witnesses at the trial of a co-defendant, who testified likewise at the trial of this defendant. The record reveals that appellant's attorney did impeach State's witnesses by using their prior testimony at a prior hearing in defendant's proceeding. It is also obvious that there was some effectiveness in the activities of the defendant's counsel, since 10 jurors were persuaded to believe that defendant was not proven guilty of the charged offense of armed robbery, although he was clearly found guilty of attempted murder.

■■■ During the jury deliberations the jury asked to have some of the testimony read to the jury. The court advised the jury that it was not permissible to read or play back testimony. Appellant asserts that this constituted reversible error on the authority of the proposed standard promulgated by the American Bar Association and upon the presumed case law of various state jurisdictions other than the State of Illinois. No precise Illinois authority has been cited to us nor have we discovered any Illinois precedent on this subject. The American Bar Association standard has not been adopted as law in Illinois, and neither it nor the reported case law of other jurisdictions is controlling. The normal rule in Illinois is that the conduct of the trial is generally within the discretion of the trial court except to the extent that it is specifically controlled by constitutional, statutory, or judicial authority, or may involve an abuse of discretion. Since appellant fails to show any abuse of discretion in

this case, there is no basis for reversal in this cause. See: *People v. Dailey*, 41 Ill.2d 116, 242 N.E.2d 170.

■■ Appellant finally asserts that the written communication between the judge and the jury was not made in the presence of the defendant, and, therefore, that it was reversible error for the court to so answer the jury in writing. The written communication from the jury was, "Would it be possible for the Court Recorder to read back some of the testimony?" The written reply of the Judge was, "No, it is not permissible to read or play back testimony." We have examined the record with respect to defendant's contention and while the record seems to suggest that defendant's attorney was present, it clearly does not indicate that he was not present. Since the record fails to substantiate the contention of defendant, we do not find that there is any basis for reversal resulting from the exchange of the written question and reply. Defendant cites the case of *People v. Harmon*, 104 Ill.App.2d 294, 244 N.E.2d 358, as support for his contention on this issue. In the *Harmon* case there was no question but that defendant's attorney was not present and the question raised by the jury was with reference to a question of law and not to a question concerning testimony as was the situation in the case at bar. The case of *People v. Harmon*, therefore, would not be authority for reversal where a simple question of the type involved here is answered in the manner as indicated, even if defense attorney was not present.

Since we find no reversible error in the record the judgment of the circuit court of Will County will be affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER dissenting:

I do not agree with the majority of the court. In my view trial errors occurred which were prejudicial and require that defendant be granted a new trial.

The first issue which I would like to discuss is that relating to the request of the jury to have testimony reread and the trial judge's reply, "No. It is not permissible to read or play back testimony." A substantially similar problem arose in the recent case of *People v. Queen*, 8 Ill.App.3d 858, 290 N.E.2d 631 (petition for leave to appeal granted) and in my dissent in the *Queen* case I discussed at some length many aspects of this problem which are equally applicable to the case at bar. It would serve no useful purpose in repeating those observations so recently made

and accordingly my dissenting opinion in that case may be referred to for a more complete discussion of my views on this subject.

So far as this case is concerned, the majority has rejected both the reasoning of the American Bar Association Standards on the subject as well as the comments of the drafters thereof, because the same have not been adopted in our State. It is true that the Standards have not been adopted in Illinois, but this is not a sufficient reason for rejecting the arguments and reasons if otherwise applicable by way of analogy. Likewise, decisions from other jurisdictions may be considered illustrative and instructive particularly in the absence of contrary decisions in our own jurisdiction.

Undoubtedly the decision of the trial court to permit rereading of testimony in order to assist the jury in its deliberations is a matter of discretion. Yet, if the trial court announces as it did in this case, that it is impermissible to grant the request of the jury, it can hardly be said that any discretion is being exercised. At a very minimum there can be an exercise of discretion only if the court recognizes that it has such a discretion. The majority of the court in approving the action of the trial court is in effect saying that it is not permissible to reread testimony. No authority from this State has been cited in support of such a rule and I am not aware of any decision from any other jurisdiction announcing a similar rule. It seems to me that the general rule which should be applicable to a case of this kind is that the jury's request for assistance should be granted unless unreasonable. Unless it can be inferred from the jury's request, actions, or from inquiries attempting to discover the problem, that the request is unreasonable, the trial court's decision is erroneous. Because of the state of the record and the failure of the trial court to even ascertain what the jury desired, the question of prejudice necessarily involves a certain amount of speculation. This should not be the case, but, in any event, the action of the jury would seem to demonstrate that the failure of the judge to assist the jury could have been prejudicial. The jury found defendant guilty of attempted murder but was unable to reach a verdict on the charge of armed robbery. It was the State's theory that the police officer was shot attempting to apprehend the defendant fleeing from the scene of an armed robbery. The testimony regarding the defendant's identity as one of the robbers was not very abundant or definite. Yet the robbery furnished a substantial link in the conduct upon which the charge of attempted murder was based.

Defendant, Pulley, was one of two persons charged with the armed robbery of Lewis at his store. The other person charged was Fritz Autman who was tried separately and convicted of robbery. In reviewing

Autman's conviction, *People v. Autman, post*, p. 300, a different jury also requested that testimony be reread which was also denied by the trial judge. That the jury may have been confused or sufficiently uncertain to request rereading of testimony in each case may be coincidental but it also may be inferred that the nature of the evidence may have produced the need for assistance. Furthermore, the problems which may have motivated the jury to seek assistance may well have related to the instructions and to the deficiencies or errors therein, as brought to the attention of this court in the appellant's brief. I believe reversible error was committed when the trial judge ruled that he could not grant the request of the jury and that such ruling must be deemed prejudicial in the absence of any showing that the request by the jury was unreasonable.

Appellant also urged that it was reversible error for the judge to communicate with the jury outside the presence of the defendant, relying on *People v. Harmon*, 104 Ill.App.2d 294, 244 N.E.2d 358. I do not think that the rule of *Harmon* can be disposed of by simply saying that the record in this case fails to disclose whether defendant's attorney was or was not present during the interchange between judge and jury. *Harmon* seems clear that defendant as well as his attorney have the right to be present. After reviewing cases from other jurisdictions there seems to be lack of unanimity in the resolution of this issue. (See, Comments to Tentative Draft of *American Bar Association Standards for Criminal Justice*, Trial by Jury, Page 136.) It would seem to be the better rule that all communications between judge and jury, once the case has been submitted to the jury for its consideration, should take place in open court in the presence of the jury, counsel and the defendant.

The majority opinion cites *People v. Gersbacher*, 44 Ill.2d 321, 255 N.E.2d 429, as authority for the proposition that the offense of attempt murder should include the elements of murder but that the failure to do so did not, in *Gersbacher* or in this case, constitute prejudicial error. A comparison of the facts in *Gersbacher* and those in the instant case does, I believe, require a different result. In *Gersbacher*, the victim of a rape was also shot three times and nearly strangled to death. The only issue was whether the defendant charged with the offense of attempt murder was the perpetrator thereof, and the court, concluding there was no issue concerning the nature of the offense itself, affirmed defendant's conviction. However, in the case at bar the only issue regarding the attempt murder is the issue of whether such an offense occurred. Defendant admitted firing his gun but claimed he did so in an effort to prevent the police officer from hassling him. Thus, there was some factual basis for disputing whether murder was attempted depending to some

300

extent on the elements of murder. Likewise, the evidence raised issues of self-defense or voluntary manslaughter. In this connection, in view of the defendant's own testimony, it is difficult to understand why no instructions on self-defense were tendered by the defense. Without such instructions and in the presence of the abbreviated attempt murder instructions, the jury in effect had no instructions applicable to the facts which it had heard, and under such circumstances could well have concluded that under the instructions as given defendant's admission that he had fired the gun constituted, for all practical purposes, a judicial confession of guilt.

In summary, I believe the trial court erred in failing and refusing to assist the jury when it requested further information, that the court erred in instructing the jury and that such errors, whether considered alone or in conjunction with one another, were prejudicial depriving defendant of a fair trial.