THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY FISHER, Defendant-Appellant.

(No. 59393; ▇▇▇▇▇▇▇▇▇▇

First District (4th Division)—May 22, 1974.

Paul Bradley and Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr. and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was found guilty of armed robbery following a bench trial and was sentenced to a term of 4 to 5 years in the Illinois State Penitentiary.

The issues presented on appeal are (1) whether the court improperly

considered evidence of other crimes; and (2) whether the defendant was proven guilty beyond a reasonable doubt.

On April 12, 1972, at approximately 6:30 P.M., John Empfield, while working as a cab driver, picked up two persons at the corner of Randolph and Wabash Avenue in Chicago. Mr. Empfield identified one of these two persons as the defendant, Larry Fisher, both at a line-up and in court during the trial. The person who entered the cab with the defendant was an unidentified young woman. Mr. Empfield took the couple to 224 South Laramie Avenue where the woman left the cab. The defendant then asked to be taken to 4156 West Congress. When the cab reached that address the defendant got out of the back seat and into the front seat of the cab. He pointed a knife at the complainant and asked for his money. The complainant gave the defendant all the money he was carrying, which consisted of approximately $24. Defendant then fled from the cab.

At trial, Mr. Empfield testified he had a good opportunity to observe the defendant for approximately 30 minutes during the trip to 4156 West Congress by way of 224 South Laramie Avenue. Empfield further testified the knife offered into evidence by the State was similar to the one carried by the defendant during the robbery. Police Officer Alex Kaider testified on behalf of the State that he apprehended and arrested the defendant on April 19, 1972, 1 week subsequent to the offense at bar. The arrest of April 19 concerned a matter unrelated to the instant case. The trial court subsequently ordered Officer Kaider's testimony stricken from the record on the ground it was unrelated to the instant case. Defendant's motion for a mistrial, based on the stricken testimony, was denied. The defendant, testifying on his own behalf, denied he robbed the complainant. Defendant claimed he was sick on the date in question and had spent the day at home with his mother and her boyfriend. At the close of all the testimony, the trial court found the defendant guilty of armed robbery and sentenced him to 4 to 5 years in prison.

The defendant first contends the trial court erred in considering evidence of a subsequent crime. Defendant maintains the testimony of Officer Alex Kaider concerning the defendant's arrest on April 19, 1972 (1 week subsequent to his arrest in the instant case), was so prejudicial as to deny him a fair trial.

■■ We believe the finding of the trial court was based solely on competent evidence. The trial judge ordered all of Officer Kaider's testimony concerning the second crime stricken from the record when he determined such evidence was irrelevant to the issues in the instant case.

Further, the trial judge sustained objections to most of the questions asked by the State which related in any way to the second crime. It is a well established principle of law that in non-jury cases the trial court is presumed to consider only competent evidence in making its finding. (*People v. Miller* (1971), 2 Ill.App.3d 206.) In *People v. Pagan* (1972), 52 Ill.2d 525, the defendant raised a claim identical to that made by the defendant in the instant case. In *Pagan* the trial court also ordered stricken from the record testimony concerning an unrelated crime. In upholding the finding of the trial judge, the supreme court stated:

> "* * * we must presume that the complained-of prejudicial testimony concerning 'other crimes' remained stricken from the record and was not considered by the court. In bench trials, such as this, it may be presumed that the trial judge considered only competent and relevant evidence. [Citation.] The record contains nothing to indicate that this presumption should not prevail in the case before us [citation], and defendant's contentions with respect to Miloradovic's testimony can not be sustained." (52 Ill. 2d at 537.)

Likewise, in the instant case, since the evidence of the subsequent crime was stricken from the record, it must be presumed the trial court disregarded said evidence and based its finding only on competent and relevant evidence.

The defendant next contends he was not proven guilty beyond a reasonable doubt by the identification testimony of the complainant. Defendant argues the complainant's opportunity to observe the robber was inadequate to sustain a conviction. In support of his contention the defendant cites the decision in *People v. Kidd* (1951), 410 Ill. 271, wherein the supreme court held a conviction based upon an identification which is doubtful, vague, and uncertain, and which does not produce an abiding conviction of guilt, will be reversed.

■■ We believe the identification testimony of the complaining witness was sufficient to sustain the finding of guilty beyond a reasonable doubt. The issue of the adequacy of identification testimony raises a question of the credibility of the witnesses, which is a matter for determination by the trier of fact. (*People v. Knowles* (1970), 130 Ill.App.2d 78.) So long as the identification is based on an adequate opportunity to observe the defendant, the finding of the trier of fact should not be disturbed unless contrary to the manifest weight of the evidence. (*People v. Daily* (1968), 41 Ill.2d 116.) The identification of the defendant by the complainant in the case at bar was based on the opportunity

848

to observe the defendant at close range for approximately thirty minutes. The identification was therefore sufficiently clear and credible to prove the defendant guilty beyond a reasonable doubt.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.