*In re* ESTATE OF JERRY A. ORZOFF, Deceased—(Heidi M. Feder, Petitioner-Appellant, *v.* Joseph E. Davis, Ex'r of the Estate of Jerry A. Orzoff, Respondent-Appellee).

First District (3rd Division) No. 82—1117

Rule 23 order entered April 20, 1983.—Opinion filed and rehearing denied July 6, 1983.

Burditt & Calkins, of Chicago (Constantine D. Kasson, Robert G. Epsteen, and David W. Heppelwhite, of counsel), for appellant.

Joseph E. Davis, of Chicago, for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Heidi M. Feder, brought this action against respondent, Joseph Davis, who is the executor of the estate of Jerry A. Orzoff, in order to amend the order of heirship to include her as the le-

gal heir of the decedent. Petitioner had been adopted by the decedent but was later readopted by her natural mother's new husband subsequent to her mother's divorce from the decedent. In her petition, petitioner maintained that under the Illinois Probate Act and the first divorce decree she was an heir of the decedent. The trial court granted respondent's motion to strike and dismiss the petition on the ground that the subsequent adoption cut off petitioner's right to inherit from the decedent. Petitioner appeals.

Decedent married petitioner's natural mother on September 2, 1965. On January 10, 1966, decedent adopted petitioner. The adoption decree provided the petitioner:

> "[S]hall be to all legal intents and purposes the child of the petitioners, Jerry Orzoff and Edyce Orzoff, his wife; and for the purposes of inheritance and all other legal incidents and consequences, shall be the same as if she had been born to the petitioners in lawful wedlock."

At the time she was adopted, petitioner was 20 months old.

Decedent and petitioner's natural mother were divorced in 1968. A property settlement agreement was made part of the divorce agreement. Pursuant to that settlement agreement, decedent retained visitation rights and assumed child support responsibilities. Those responsibilities included the payment of $175 per month to petitioner's natural mother until petitioner attained the age of 21 years.

Petitioner's natural mother remarried Franklin Feder and thereafter, on February 9, 1973, Feder adopted petitioner. The subsequent adoption decree did not attempt to modify the previous decree by which petitioner was adopted by the decedent.

The decedent died on April 23, 1981. On May 6, 1981, decedent's will, dated August 28, 1979, was admitted to probate and respondent was named executor. In his will, decedent made specific bequests of the assets of his estate, but petitioner was not named as a beneficiary of any of these bequests. Based on an affidavit of heirship made by a cousin of the decedent, the court also entered an order declaring decedent's mother, brother, and two sisters to be decedent's only heirs.

On November 5, 1981, petitioner filed a petition to amend the order of heirship to include petitioner as an heir to the decedent. Respondent moved to strike and dismiss the petition, claiming that petitioner's right to inherit from decedent was divested by virtue of the subsequent adoption by Franklin Feder. Petitioner filed a response stating that a second adoption does not, by operation of law, cut off the inheritance rights of the adoptee regarding the first adoptive parents. After considering arguments of counsel and memoranda of law,

the trial court granted respondent's motion to strike and dismiss the petition, ruling that the holding in *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 131 N.E.2d 487, controlled the present controversy.

On appeal petitioner contends that the trial court erred in applying the *Leichtenberg* decision to the facts of the present case; that the trial court's expansive reading of that decision contravenes the legislative trend toward equal treatment for natural and adopted children; and that the trial court's construction of the Probate Act created an arbitrary and capricious classification of adoptees which violates the equal protection clause of the United States Constitution.

In *Leichtenberg*, Victor Mueller, who was a resident of the State of Wisconsin and who had resided with his natural parents until he was 10 years old, was brought to Chicago in 1918 where he was adopted by his aunt and uncle, Barbara and John Leichtenberg. After two weeks, Meuller was returned to his natural parents in Wisconsin. The parents filed a petition to readopt the child, and the Leichtenbergs consented to such action. The decree which was subsequently entered provided "that said child shall be fully restored to its natural parents as fully as though no prior adoption had been made." In 1936, John Leichtenberg died testate, and it was held without objection, that he left no surviving natural or adopted children. The same finding was made in 1952 after the death of Barbara Leichtenberg, but this time objections were filed by Meuller. The trial court held that the readoption of Mueller did not alter his right to inherit from the Leichtenbergs, but this court reversed that order. Upon review by our supreme court, that court, after examining the law of various States, held that a child, having been readopted prior to the death of his first adopting parents, may not share in their estate. *In re Estate of Leichtenberg.*

Petitioner here attempts to distinguish the factual situation in *Leichtenberg*. She points out that the child in that case lived with his adoptive parents for only two weeks and then was returned to his natural parents, while petitioner lived with decedent for a much longer period of time. Petitioner also notes that in *Leichtenberg* there was evidence that the adoptive father was merely attempting to avoid military service by claiming the adopted child as a dependent while there is no ulterior motive suggested in the present case. Petitioner further notes that her adoption decree specifically provided that she was to be the legal heir of the decedent, "the same as if she had been born to the petitioners in lawful wedlock," while the Wisconsin re-adoption decree in the *Leichtenberg* case modified the previous Illinois decree since it provided "that said child shall be fully restored to its

natural parents as fully as though no prior adoption had been made."
Petitioner thus argues that the *Leichtenberg* court was compelled to
treat the first adoption as a nullity because it had to give full faith
and credit to the subsequent Wisconsin decree. Petitioner contends
here that the first decree, granting her full rights of inheritance from
the decedent, must be given effect.

 We do not believe that the differences in the two cases are
significant. It is well established that an adopted child may inherit
from his natural parents (*In re Estate of Tilliski* (1945), 390 Ill. 273,
61 N.E.2d 24), and also from his adoptive parents. (*In re Estate of
Leichtenberg*.) Accordingly, if, upon the death of his adopting parents
and after his rights of inheritance have vested, a child is readopted,
that child then becomes the adopted child of the second adoptive par-
ents with all the rights and privileges that attach thereto. (*In re Es-
tate of Leichtenberg*.) Although, as petitioner asserts, since 1956 when
the *Leichtenberg* case was decided, the legislative and judicial atti-
tudes have tended to take the position that adopted children should be
treated as co-equal with natural children, the relevant section of the
Probate Act of 1975 provides only that:

> "An adopted child is a descendant of the adopting parent for
> purpose of inheritance from the adopting parent and from the
> lineal and collateral kindred of the adopting parent." (Ill. Rev.
> Stat. 1981, ch. 110½, par. 2—4(a).)

The act makes no provision for inheriting from former adopting par-
ents. A fundamental principle of statutory construction is that the
enumeration of certain things in a statute implies the exclusion of all
others. (*In re Estate of Leichtenberg*.) Because of this, we must pre-
sume that such a right was not intended by the General Assembly.
Moreover, a contrary position would result in confusion. As the su-
preme court stated in *Leichtenberg*:

> "For us to hold otherwise would be to add confusion to a
> tranquil field of law. This problem is, clearly, not a one-way
> street. If a child is allowed to inherit from successive sets of
> adopting parents, no reason exists why he should not also take
> from the lineal and collateral kindred of both present and
> former adopting parents, or why all sets of such adopting par-
> ents should not inherit from his estate. Yet, one can but imag-
> ine the injustices that would result. Not only would this allow
> one set of adopting parents to benefit from the generosity of
> another, but as a practical matter, would make the tracing of
> heirship exceedingly difficult, and in many cases, necessitate
> the drafting of a will to avoid the possibility of an unknown

adopted heir sharing in the estate. Such, of course, is not desirable." (*In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552.)
We believe that the same observations are applicable here.

■ Regarding petitioner's assertion that the trial court's construction of the act created an arbitrary and capricious classification of adoptees, it is true that a statutory classification must be reasonable in light of its purpose. (*McLaughlin v. Florida* (1964), 379 U.S. 184, 13 L. Ed. 2d 222, 85 S. Ct. 283.) Where there is no "suspect classification" being considered, the test for determining if a legislative classification is in line with the fourteenth amendment's guarantee of equal protection, is whether the line drawn by the legislature bears a rational relationship to a legitimate State purpose. See *Weber v. Aetna Casualty & Surety Co.* (1972), 406 U.S. 164, 31 L. Ed. 2d 768, 92 S. Ct. 1400.

■ Our supreme court has recently held that the class of adoptees is not a suspect classification. (*In re Roger B.* (1981), 84 Ill. 2d 323, 418 N.E.2d 751.) We believe, as did the *Leichtenberg* court, that facilitating the task of ascertaining an individual's heirs in regard to an adopted child is a rational reason for holding that a child, who has been re-adopted prior to the death of his first adopting parents, may not share in the estate of the first adopting parents.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.