THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID McCRAY, Defendant-Appellant.

Second District   No. 82—78

Opinion filed July 12, 1983.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Conviction was entered on defendant's plea of guilty to a charge of burglary and he was sentenced to an extended 10-year prison term. He appeals, contending that (1) the trial court erred in finding him ineligible for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*) because his two previous convictions for a "crime of violence" arose from the same incident; (2) erred in considering a hypothetical situation as an aggravating factor; and (3) erroneously sentenced him to the extended term following a guilty plea rather than a trial.

I

Section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8) provides as pertinent:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Commission instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence *** (c) the addict has a record of 2 or more convictions of a crime of violence ***."

It is agreed that the present crime is not one of violence under section 8(a). Defendant contends, however, that section 8(c) of the Act should be interpreted to exclude, as a factor disqualifying an addict from treatment, a record of two or more convictions of a crime of violence where they arise from the same incident. We can find no such legislative intention.

Defendant argues that the legislative purpose in enacting the Dangerous Drug Abuse Act indicates a strong policy favoring the prevention of drug abuse and encouragement of the treatment and rehabilitation of drug addicts through placements alternative to the usual sentencing procedures. He argues that where more than one violent act arises from the same incident it does not show a greater proclivity towards violence than if the defendant had been convicted of only one of the two offenses.

■ We do not disagree with the defendant's statement of the legislative policy. (See *People v. Teschner* (1980), 81 Ill. 2d 187, 192.) The legislature, however, listed "disqualifying crimes" to which the reme-

dial alternative sentencing provisions were not intended to apply. (*People v. McCoy* (1976), 63 Ill. 2d 40, 43-45.) By setting forth disqualifying factors for eligibility the legislature clearly did not intend to provide treatment for all drug addicts. (*People v. Perine* (1980), 82 Ill. App. 3d 610, 615.) In this well-defined legislative scheme we see no validity to defendant's argument that the disqualifying words "a record of 2 or more convictions of a crime of violence" (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(c)) should be read to mean unrelated courses of conduct from which crimes of violence arise. Specific words in a statute, not defined by the legislature, will be assumed to have their ordinary and popularly understood meaning. (*People v. Fink* (1982), 91 Ill. 2d 237, 240.) The word "conviction" as used throughout the Criminal Code of 1961 results from a judgment or sentence upon the finding of guilty to "*an* offense." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 2—5.) Even though the 1971 convictions resulted from closely related acts, each was for a separate offense based on a different physical act. In any event, we cannot restrict or enlarge the plain meaning of an unambiguous statute. (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 133.) The statute before us unambiguously means convictions without regard to whether they arise from the same conduct. The declaration of policy (Ill. Rev. Stat. 1981, ch. 91½, par. 120.2) does not indicate a contrary intent. In any event, such declaration cannot be used to create an ambiguity in the specific enactments of the statute. *Brown v. Kirk* (1976), 64 Ill. 2d 144, 152-53.

## II

Defendant had previously been convicted of armed robbery and attempt to commit murder in 1971. In that instance defendant had fired six shots at his robbery victim after the victim found a gun and shot defendant. The court here determined that although these two convictions arose from the same incident, the plain language of the eligibility section of the Act disqualified for treatment addicts who have "a record of 2 or more convictions of a crime of violence" (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(c)) irrespective of whether they arose from the same conduct, and thus held defendant ineligible for treatment. The facts underlying the guilty plea in this case were that the police unsuccessfully chased an unidentified man on May 28, 1981, shortly after midnight, after seeing the man pull a large welder. The officer later returned to the area and saw a car with a large tool box filled with tools later identified as stolen property and traced the car's ownership. The car owner told police that he had lent his car to defendant and another man on that day who later returned and told him that they had

to leave the car and that the police had it. The police then arrested defendant, who gave a statement that he helped remove the tool box from the victim's garage and helped place it in the car.

■ Defendant argues that the court's expressed concern about what would have happened had defendant been discovered while committing the burglary, in light of the presentence report's summary of defendant's prior conviction for attempt to commit murder, indicates that the court considered defendant's conduct to have threatened serious harm although no evidence supported such a conclusion. As we have previously indicated there is no dispute that the present crime was not one of violence. There was no evidence of a gun, the burglary occurred in a garage, and at night when no one would likely be in the garage. But the trial court's comment should not be read out of context. Prior to making the comment the judge stated that the mitigation factor that defendant's conduct neither caused nor threatened serious physical harm to another (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.1(a)(1)) was "somewhat true," and that defendant might not necessarily have contemplated that his conduct would cause or threaten serious physical harm. But the gist of the trial court's comment was that he could not determine this positively since defendant had not been caught while committing the burglary, unlike the circumstances involved in the previous incident. No conclusion was expressed, and the court was merely weighing various factors in aggravation and mitigation. We cannot conclude from the entire record of the judge's comments that the trial court relied on improper considerations or drew conclusions not supported by the record. We find no reversible error. The cases relied upon by defendant are distinguishable as affirmatively indicating that the trial court did rely on improper considerations. See, e.g., *People v. Gant* (1974), 18 Ill. App. 3d 61, 66-67; *People v. Maldonado* (1980), 80 Ill. App. 3d 1046, 1050-51.

### III

■ We have previously held, contrary to defendant's final contention, that an extended-term sentence may be imposed on a defendant who pleads guilty to the charged offense. *People v. Baker* (1983), 114 Ill. App. 3d 803, 810, 448 N.E.2d 631, 636.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Affirmed.

VAN DEUSEN and HOPF, JJ., concur.