THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH E. NEITHER, JR., Defendant-Appellant.

Fourth District No. 4—87—0551

Opinion filed March 9, 1988.

898

Harvey C. Welch, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On April 2, 1987, defendant Kenneth E. Neither, Jr., was charged by indictment in the circuit court of Champaign County with one count of armed robbery, a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)). Specifically, the indictment alleged that on March 13, 1987, the defendant, "while armed with a dangerous weapon, a knife, took property, being United State's [sic] currency, from the presence of Leonard B. Biehl, by threatening the imminent use of force."

A jury trial commenced on June 16, 1987. The evidence adduced at trial will be discussed where relevant to the issues presented. At the conclusion of the trial, the jury found the defendant guilty of the offense of armed robbery.

On July 10, 1987, defendant filed a post-trial motion and a motion to declare sections 4.7 and 21 of the Alcoholism and Substance Abuse Act (the Act) (Ill. Rev. Stat. 1985, ch. 111½, pars. 6304.7, 6321) unconstitutional. On July 13, 1987, defendant filed a petition for election of treatment under section 21 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6321). Defendant's motions were heard and denied on July 13, 1987. Thereafter defendant was sentenced to 12 years' imprisonment with credit for 123 days served.

Defendant now appeals his conviction and sentence. Defendant also appeals the finding that he was ineligible for probation and drug treatment under section 21 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6321), and challenges the constitutionality of that statute.

Defendant first contends that he was not proved guilty of armed robbery beyond a reasonable doubt. Specifically, defendant argues that the State failed to prove he was armed with a dangerous weapon. Defendant asserts that the arresting officers found no weapon and that none was offered into evidence. Defendant further asserts that although a knife sheath was admitted into evidence, this sheath bore the name of a different individual and was smaller than the weapon described by the victim, Leonard Biehl. Finally, defendant contends that Biehl's testimony as to the weapon involved in the crime should not be "found credible" because Biehl only viewed the object for a brief period of time and never saw the object out of the defendant's hand.

The State contends that Biehl's clear and unequivocal testimony and the knife sheath found underneath the driver's seat in defendant's car were sufficient to prove beyond a reasonable doubt that defendant was armed with a dangerous weapon.

■■ It is the function of the jury to weigh the evidence, judge the credibility of the witnesses, and determine factual matters in a conflicting set of circumstances. (*People v. Dillon* (1975), 28 Ill. App. 3d 11, 327 N.E.2d 225.) Where the evidence on an issue is conflicting but legally sufficient if the prosecution's witnesses are believed, the question is for the trier of fact. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 190 N.E.2d 738.) The testimony of a single witness, even if it be that of a crime victim and even if it is contradicted by the accused, is sufficient to convict if that testimony is positive and credible. (*People v. Daily* (1968), 41 Ill. 2d 116, 242 N.E.2d 170, *cert. denied* (1969), 395 U.S. 966, 23 L. Ed. 2d 752, 89 S. Ct. 2112.) Only where the evidence is so improbable as to raise a reasonable doubt of guilt will a reviewing court disturb the jury's determination of guilt. *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.

The defendant here was charged with the offense of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2), which required the State to prove that the defendant took property from the person or presence of another by use of force or by threatening the use of force while armed with a dangerous weapon. (See *People v. Ditto* (1981), 98 Ill. App. 3d 36, 424 N.E.2d 3; *People v. Carr* (1986), 149 Ill. App. 3d 918, 501 N.E.2d 241.) Certain weapons, such as knives and operative guns, are dangerous as a matter of law whenever they are in the possession of a robber, even when their sole role in the robbery was display, in order to put the victim in fear, or when they played no role in the robbery whatsoever. (*People v. Elam* (1972), 50 Ill. 2d 214, 278 N.E.2d 76; *People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 414 N.E.2d 1355.) Where the character of the instrument is in issue, it is for the jury to determine whether it was dangerous. (*People v. Dwyer* (1927), 324 Ill. 363, 155 N.E.2d 316; *People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245.) Convictions for armed robbery have been sustained even though the weapon itself is neither seen nor accurately described by the victim. *People v. Elam* (1972), 50 Ill. 2d 214, 278 N.E.2d 76; *People v. Dupree* (1979), 69 Ill. App. 3d 260, 387 N.E.2d 391.

We have reviewed the record and conclude that there is sufficient credible evidence to sustain the conviction. The victim, Leonard Biehl, testified that he was working alone as a cashier at the Convenient store in Urbana, Illinois, at 5:45 a.m. on March 13, 1987. According to Biehl, a male customer came into the store by himself and asked for cigarettes. As Biehl gave the man the cigarettes, the man pulled a knife from his right coat pocket and pointed it at Biehl's

stomach. Biehl indicated that the man held the knife with his right hand extended and his elbow slightly bent. Biehl described the knife as a three-inch hunting knife with a double-edged blade on both sides, coming to a point. Biehl saw the blade, but not the handle since the man's hand was covering it. Biehl initially refused to open the drawer to the cash register. The man then began punching the keys with the knife tip, but the drawer did not open. Biehl then opened the register, believing that if he did not the man would come around the counter with the knife. Biehl identified the man as the defendant. On cross-examination Biehl stated that the object he saw in the defendant's hand was "definitely" a knife and that "there's no way" it could have been something other than a knife. Biehl emphasized that it was not a fingernail file, because such a file is "skinny" whereas the blade he saw was "thick and double-edged."

The question of whether the defendant was indeed armed with a dangerous weapon in the commission of the robbery was for the jury to decide. The victim's testimony just discussed, including his description of the knife, was sufficiently positive and credible to sustain the conviction. Although Biehl stated that he did not see the entire knife, he was able to clearly describe the portion that he did observe. Further, Biehl's testimony was corroborated by the knife sheath found underneath the driver's seat in the defendant's car. Thus, the evidence presented in this case was not so improbable as to raise a reasonable doubt of guilt and, therefore, we will not disturb the jury's determination of guilt.

■■ Defendant next contends that the trial court erred in denying his motion for a new trial. Defendant argues that the jury was required to return a verdict as to each offense charged but that it failed to return a verdict on the lesser included offense of robbery. Defendant relies upon section 115—4(j) of the Criminal Code of 1960 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(j)), which provides in pertinent part: "Unless the affirmative defense of insanity has been presented during the Trial, the jury shall return a general verdict as to each offense charged."

The State contends that the trial court properly denied defendant's post-trial motion. The State initially argues that the defendant has waived this claim of error by failing to make a timely objection in the court below. The State argues that had the defendant objected at the time the verdict was returned, the trial court could have ordered the jury to return a verdict on the lesser included offense. The State further argues that although the defendant raised the issue in his post-trial motion, it was too late for the trial court to cure the al-

leged defect. The State also contends that in any event, section 115—4(j) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(j)) does not apply here.

The record reveals that the defendant was charged by indictment with the offense of armed robbery pursuant to section 18—2(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)). Defendant was not charged with robbery. At the jury instruction conference, the trial court allowed defendant's instruction on robbery in light of the defendant's theory that there was not adequate evidence of a dangerous weapon. The jury was then tendered the following four verdict forms: (1) guilty of armed robbery; (2) not guilty of armed robbery; (3) guilty of robbery; and (4) not guilty of robbery. The jury subsequently returned only a verdict of guilty of armed robbery. Thereafter, defendant requested that the jury be polled but did not object to the verdict or request that the jury be required to return a verdict on the lesser included offense of robbery. Defendant raised this issue in his post-trial motion and requested a new trial. At the hearing on defendant's post-trial motion, the trial court stated that robbery was a lesser included offense but was not charged by the State. The court then denied defendant's motion, finding that under a literal reading of section 115—4(j) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(j)) that statute did not apply as robbery was not a charged offense.

The State's argument on this issue is persuasive. Any objection to the verdict should have been made at the time the verdict was returned, not after the entry of judgment or after the jury had separated following its discharge. Here the defendant's objection was made for the first time in a post-trial motion. Had the objection been made before the jury was discharged, the trial court would have had the opportunity to correct any alleged defect. Thus, defendant's claim of error was waived by the failure to make a timely objection. See generally *People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364; *People v. Kellogg* (1979), 77 Ill. 2d 524, 397 N.E.2d 835; *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.

Even in the absence of waiver, defendant's contention lacks merit. Initially we note that defendant's reliance upon section 115—4(j) is misplaced. Section 115—4(j) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(j)) provides that the jury "shall return a general verdict as to each offense charged." In the case at bar, however, defendant was not charged with robbery. Rather, robbery was the predicate or included offense of armed robbery—the charged offense. Consequently, the jury was not required to return a verdict as to

both armed robbery and robbery. Moreover, it would have been improper for the jury to do so as convictions cannot stand on both a charged offense and its predicate offense.

It is well settled that where, as here, a defendant is convicted of a charged offense, it is improper to convict the defendant on an included or predicate offense if both offenses arise out of the same occurrence and are based upon the same physical acts. In such cases, judgment is entered and sentence imposed only on the greater or more serious offense. Thus, where courts erroneously enter judgment and sentence on convictions for both the charged offense and the included offense, both of which arise out of identical acts, the conviction and sentence for the included offense must be vacated. See *People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44, *cert. denied* (1984), 465 U.S. 1036, 79 L. Ed. 2d 708, 104 S. Ct. 1310 (defendant convicted of armed violence and burglary—burglary conviction vacated); *People v. Simmons* (1982), 93 Ill. 2d 94, 442 N.E.2d 891 (defendant convicted of armed violence and involuntary manslaughter—involuntary manslaughter conviction vacated); *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477 (defendant convicted of armed violence and aggravated battery—aggravated battery conviction vacated); *People v. Dawson* (1983), 116 Ill. App. 3d 672, 452 N.E.2d 385 (defendant convicted of residential burglary and burglary—burglary conviction vacated).

Here, both the charged offense and the included offense arose out of the same occurrence and were based upon the same physical acts. Proof of the armed robbery necessarily included proof of each element of robbery. Therefore, as the jury returned a verdict of guilty of armed robbery it would have been improper for it to return either a guilty or not guilty verdict on the included offense of robbery.

■ Next, defendant contends that evidence presented at the sentencing hearing of his alleged participation in an unrelated burglary and theft was erroneously considered by the trial court as an aggravating factor. The State contends that evidence of defendant's criminal activity was properly considered as evidence in aggravation pursuant to section 5—5—3.2(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(3)). The State further contends that defendant's sentence was within statutory guidelines and was not an abuse of discretion. We agree.

Our supreme court has held that the determination of a sentence is a matter of judicial discretion and absent an abuse of this discretion, the sentence imposed by the trial court may not be altered upon

review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The supreme court has stated that the trial court is charged with the often difficult and delicate responsibility of fashioning a sentence (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), and that the trial court may search anywhere, within reasonable bounds, for facts which tend to aggravate or mitigate the offense (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9). A defendant's prior history of delinquency and/or criminal activity may be considered by the trial court in determining the appropriate sentence to be imposed. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(3); *People v. Young* (1981), 96 Ill. App. 3d 426, 420 N.E.2d 1051.) Moreover, evidence of other offenses not resulting in a conviction can be considered by the trial court when determining a particular defendant's sentence, because the trial court is not strictly limited to consideration of only that information which would be admissible under the adversary circumstances of a trial. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) Accordingly, the trial court did not err in considering evidence of defendant's participation in the unrelated burglary and theft as an aggravating factor.

Furthermore, we have reviewed the information before the sentencing court and can find no basis to disturb the sentence imposed. At the sentencing hearing, the trial court stated that the defendant's presentence report and addendum were on file and had been read by the court. The presentence report indicated that the defendant had a prior theft conviction and seven traffic convictions. Defendant's evidence in mitigation consisted of the presentence report and his request for election of treatment. (Ill. Rev. Stat. 1985, ch. 111½, par. 6321.) The State's evidence in aggravation included testimony concerning defendant's involvement in a burglary and theft allegedly committed one month before the instant charge. Other evidence in aggravation included the 30-mile high-speed chase as defendant attempted to elude the police, that several persons were nearly involved in a collision as a result of the chase, that the arresting officer had to shoot the tires on defendant's vehicle before the defendant stopped, and that the instant offense was committed less than one month after his release on bond for the burglary and theft charge. After considering the evidence before it, the trial court concluded that the aggravating factors ruled out the minimum sentence. The court emphasized that the danger posed to the public by defendant's conduct during the 30-mile chase could not be minimized. Thus, the court concluded that a sentence of 12 years' imprisonment was appropriate under the circumstances.

Defendant was convicted of armed robbery, a Class X felony, and could have been sentenced to a term of not less than six years' or more than 30 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, pars. 18—2(a), 1005—8—1(a)(3).) Defendant's sentence of 12 years' imprisonment was well within the statutory range, and after examining all of the information available to the trial court at the time of sentencing, we cannot say that the imposition of such a sentence was an abuse of discretion.

 Defendant's final contention is that section 4.7 of the Alcoholism and Substance Abuse Act (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 6304.7) is unconstitutional. Defendant argues that the crimes of violence listed in section 4.7 of the Act are overly broad, vague and irrationally drawn. The State contends that section 4.7 is not unconstitutionally vague.

Section 21 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6321), under which defendant sought to elect treatment, provides:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is a violation of Sections 401, 402(a), 405 and 407 of the Illinois Controlled Substances Act, or Section 4(d), 4(e), 5(d), 5(e), 7, or 9 of the Cannabis Control Act, (c) the addict has a record of 2 or more convictions of a crime of violence, (d) other criminal proceedings alleging commission of a felony are pending against the addict, or (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two year period; or (g) the addict is charged with a crime that is a Class 2 or greater felony and he has previously been admitted to a treatment program under Section 22. An eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth."

Section 4.7 (Ill. Rev. Stat., 1987 Supp., ch. 111½, par. 6304.7) defines crimes of violence as follows:

> " 'Crime of violence' means the following crimes: treason, first degree murder, second degree murder, criminal sexual assault, aggravated criminal sexual assault, armed robbery, arson, kidnapping, aggravated battery, and any other felony which involves the use or threat of physical force or violence

against another individual."

It is the defendant's position that the classifications enumerated in section 4.7 are overly broad and vague. Defendant also argues that the following language contained in section 4.7 is unconstitutionally vague:

"[In] any other felony which involves the use or threat of physical force or violence against another individual." (Ill. Rev. Stat. 1985, ch. 111½, par. 6304.7.)

Defendant argues that this provision renders the entire statute unconstitutional for its failure to provide the necessary statutory specificity. Last, defendant asserts that individuals convicted of robbery are eligible to elect treatment under section 21 of the Act but that individuals convicted of armed robbery are ineligible to elect such treatment. (Ill. Rev. Stat. 1985, ch. 111½, par. 6321.) Defendant argues that this creates an irrational distinction between robbery and armed robbery because the only difference between the two crimes is the presence of a dangerous weapon.

It is the State's position that section 4.7 is not unconstitutionally vague and instead removes uncertainty as to the meaning of the phrase "crime of violence," contained in section 21 (Ill. Rev. Stat. 1985, ch. 111½, pars. 6304.7, 6321). The State asserts that the last phrase contained in section 4.7, to which defendant now points, is not so ill-defined or unconstitutionally vague that the trier of fact cannot determine its meaning based upon objective criteria. The State argues that the possible range of criminal conduct considered to be crimes of violence is limited first by the word "felony" and, thus, a defendant knows that only the more serious crimes are considered as crimes of violence. In addition, the State argues that the words "against another individual" indicates that only felonies against persons are involved. Further, the State argues that the words "use or threat of physical violence" are sufficiently precise to satisfy due process requirements. The State asserts that the application of the aforementioned phrase is limited by other language contained in section 4.7, including its specific reference to aggravated felonies as constituting crimes of violence. The State next contends that the standards of equal protection were not violated by the legislative inclusion of armed robbery as a crime of violence, but not robbery. The State asserts that armed robbery is classified as a Class X felony, whereas robbery is classified as a Class 2 felony. The State further asserts that danger to a victim is enhanced when the offender uses a dangerous weapon in the commission of a robbery. Thus, the State concludes that the legislature had a rational basis for

classifying armed robbery as a crime of violence but not robbery.

Due process requires that a statutory provision be rationally related to its legislative purpose. (*People v. Mathey* (1983), 99 Ill. 2d 292, 458 N.E.2d 499.) It will be upheld if it is reasonably designed to remedy legislatively identified threats to the public health, safety and welfare. (*People v. Upton* (1986), 114 Ill. 2d 362, 500 N.E.2d 943.) A strong presumption of constitutionality is recognized. *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501.

The predecessor act, the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1 *et seq.*) (the predecessor Act) created an alternative to criminal prosecution upon belief that drug treatment might be beneficial. (*People v. Warren* (1977), 69 Ill. 2d 620, 373 N.E.2d 10.) Treatment was afforded to certain drug addicts when the circuit court determined such action was in the best interests of defendant and society. (*People v. Warren* (1977), 69 Ill. 2d 620, 373 N.E.2d 10; *People v. Perine* (1980), 82 Ill. App. 3d 610, 402 N.E.2d 847.) The legislature, however, listed "disqualifying crimes" to which the remedial alternative sentencing provisions were not intended to apply. By enumerating disqualifying factors for eligibility (Ill. Rev. Stat. 1981, ch. 91½, pars. 120.8(a) through (f); compare Ill. Rev. Stat. 1985, ch. 111½, pars. 6321(a) through (g)), the legislature showed it did not intend all drug addicts to be eligible for this alternative treatment. (*People v. McCray* (1983), 116 Ill. App. 3d 24, 451 N.E.2d 985; *People v. Hamilton* (1987), 155 Ill. App. 3d 555, 508 N.E.2d 385.) From the foregoing, it cannot be said that the legislature acted irrationally in disqualifying addicts charged with or convicted of crimes of violence.

Furthermore, we are unpersuaded by defendant's contention that the last sentence of section 4.7, the statute which enumerates crimes of violence, is unconstitutionally vague. A statute is unconstitutionally vague if its terms are so ill-defined that their meaning will ultimately be determined by the opinions and whims of the trier of fact rather than any objective criteria. (*People v. Pembrock* (1976), 62 Ill. 2d 317, 342 N.E.2d 38.) A court will assume, however, that absent a contrary legislative intent the words used in a statute have their ordinary and popularly understood meanings. (*People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8, *cert. denied* (1977), 429 U.S. 1098, 51 L. Ed. 2d 545, 97 S. Ct. 1116; *Farrand Coal Co. v. Halpin* (1957), 10 Ill. 2d 507, 140 N.E.2d 698.) In addition to the language used, consideration is also given to the legislative objective and the evil the statute is designed to remedy. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.) We believe the language of which

defendant complains is not so ill-defined that its meaning will ultimately be determined by the opinions and whims of the trier of fact. The words are commonly used and are not so vague and indefinite as to be constitutionally void. Further, the objectives sought to be achieved and the evil the statute seeks to prevent give sufficient direction to trial judges who must determine whether section 4.7 applies. Moreover, the meaning of the language should be examined in relation to the purpose of the statute and in accordance with its other terms. (See *Fagiano v. Police Board* (1983), 98 Ill. 2d 277, 456 N.E.2d 27.) The Illinois Supreme Court in *People v. McCoy* (1976), 63 Ill. 2d 40, 44, 344 N.E.2d 436, 439, held that simple robbery is not a crime of violence and discussed the phrase, of which defendant complains, as follows:

> "[I]n considering whether robbery was to be included within the broad language with which the amendment ends, one must not read that language literally and in isolation. Rather it is to be read in the context of its being part of a statutory amendment that substituted the offense of armed robbery for robbery in a listing of disqualifying crimes."

We accordingly conclude that the statute is not vulnerable to attack on due process grounds.

Nor does it deny defendant equal protection of the law. The equal protection clause does not deny the State the power to treat different classes of persons in different ways. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, citing *Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *Skinner v. Oklahoma* (1942), 316 U.S. 535, 540, 86 L. Ed. 1655, 1659, 62 S. Ct. 1110, 1113.) "That clause requires equality between groups of persons 'similarly situated'; it does not require equality or proportionality of penalties for dissimilar conduct." (*People v. Bradley* (1980), 79 Ill. 2d 410, 416, 403 N.E.2d 1029, 1031, citing *McGowan v. Maryland* (1961), 366 U.S. 420, 427, 6 L. Ed. 2d 393, 400, 81 S. Ct. 1101, 1105-06; *People v. Nicholson* (1948), 401 Ill. 546, 553, 82 N.E.2d 656, 660.) That the legislature, under the State's police power, has wide discretion to classify offenses and prescribe penalties for the defined offenses is well established. (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407; *People v. Dixon* (1948), 400 Ill. 449, 81 N.E.2d 257.) Thus, the equal protection challenge in this context is limited: if any state of facts may reasonably be conceived to justify the enactment, it must be upheld. (*People v. McCabe* (1971), 49 Ill. 2d 338, 341, 275 N.E.2d 407, 409.) The legislative determination to differentiate between crimes of violence and other

crimes is not irrational. The disqualification of addicts that have been charged with or convicted of crimes of violence appears reasonably designed to protect the public from these offenders and to insure that the punishment is appropriate and just.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and LUND, JJ., concur.