THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* RICHARD M. DALEY, State's Attorney, Plaintiff-Appellant, v. MICHAEL GRADY, Indiv. and d/b/a Direct by Owner, *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—88—2721

Opinion filed December 18, 1989.

Cecil A. Partee, State's Attorney, of Chicago (David Melcer and Allen Reiffman, Assistant State's Attorneys, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Thomas M. Burnham, and Bruce L. Carmen, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

The defendant, Michael Grady, is the owner of a real estate business which operates under the name of "Direct by Owner." The defendant is not licensed by the State of Illinois as a real estate broker or salesperson. The nature of this business is the matching of prospective buyers to the sellers and the marketing and advertisement of homes that are for sale by the owner. As compensation for these services, the defendant charges the sellers a commission based on the actual selling price of the homes and charges the buyers a "flat fee" to view the list of available homes for sale.

A two-count complaint was filed on behalf of the People of the State of Illinois seeking injunctive relief, restitution and civil penalties against the defendant. Count I of the first amended complaint alleges that the defendant employed deceptive practices in the operation of his business in violation of the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 262). Count I specifically alleges that the Consumer Fraud Act is violated based on the defendant's failure to fulfill his consumer promises regarding the sale of their property and his misrepresentations regarding his refund policy.

Count II of the first amended complaint alleges that the defendant was engaged in the practice of real estate without a license in violation of the Real Estate License Act of 1983 (Ill. Rev. Stat. 1987, ch. 111, par. 5801 *et seq.*). Specifically, count II asserts that the defendant is engaged in the practice of real estate as defined by the Illinois Real Estate License Act of 1983 (Illinois Real Estate License Act), in light of his practice of maintaining listings of homes for sale, soliciting potential buyers and matching the buyers with the sellers. A staff attorney for the Illinois Department of Professional Regulation, familiar with the defendant's real estate business, verified by affidavit that it is the opinion of the Illinois Department of Professional Regulation that the defendant's business constitutes the practice of real estate which requires a real estate license. Plaintiff further contends that the defendant's conduct, which violates the Real Estate License Act, constitutes a deceptive business practice. Thus, plaintiff alleges defendant's conduct is also a violation of section 2 of the Consumer Fraud Act. This final contention is the subject of this appeal.

The defendant filed a motion to dismiss the first amended complaint. The trial court granted defendant's motion to dismiss only count II, finding that a violation of the Real Estate License Act does not constitute a deceptive practice under the Consumer Fraud Act. The court made an express written finding pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), that there was no just reason for delaying enforcement or appeal. The sole issue presented for review is whether a business practice, which if violative of public policy as established by the Real Estate License Act, would automatically constitute a violation of the Consumer Fraud Act.

■■ ■ As previously noted, plaintiff contends that a violation of the Real Estate License Act is an unfair or deceptive practice that also violates the Consumer Fraud Act. Section 2 of the Consumer Fraud Act forbids unfair or deceptive acts including the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, in the conduct of any trade or business with the intent that others rely on the deceptive practices. (Ill. Rev. Stat. 1987, ch. 121½, par. 262; *Scott v. Association for Childbirth at Home International* (1981), 88 Ill. 2d 279, 284, 430 N.E.2d 1012; *Lane v. Fabert* (1989), 178 Ill. App. 3d 698, 705, 533 N.E.2d 546.) Moreover, "trade or commerce" is defined as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." Ill. Rev. Stat. 1981, ch. 121½, par. 261(f); *Scott*, 88 Ill. 2d at 284.

■ It is well settled that when courts are interpreting a statute, the legislature's intent must be ascertained and given effect, and the determination as to intent begins with the plain and ordinary meaning of the statute without resorting to other aids. *Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492, 493 N.E. 2d 1071; *Coldwell Bankers Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 396, 475 N.E.2d 536; *Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1070, 504 N.E.2d 1305.

In the present case, section 2O of the Consumer Fraud Act (Ill. Rev. Stat. 1987, ch. 121½, par. 262O) provides a list of "other Acts" which if violated would automatically violate the Consumer Fraud Act. The express language of section 2O specifically provides that, "[a]ny person who knowingly violates the 'Dance Studio Act,' the 'Physical Fitness Services Act,' the 'Hearing Aid Consumer Protection Act,' the

'Illinois Union Label Act' or the 'Travel Promotion Consumer Protection Act' commits an unlawful practice within the meaning of [the Consumer Fraud Act]." Ill. Rev. Stat, 1987, ch. 121½, par. 262*O*.

■ ■ Our supreme court has held that under the rule of *expressio unius est exclusio alterius,* when certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition. (*In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552, 131 N.E.2d 487; see also *Lunde v. Rockford Public Library Board* (1987), 153 Ill. App. 3d 803, 809-10, 506 N.E.2d 385; *In re Estate of Orzoff* (1983), 116 Ill. App. 3d 265, 268, 452 N.E.2d 82; *Roth v. Department of Public Aid* (1982), 109 Ill. App. 3d 457, 460, 440 N.E.2d 910.) There is no indication in the language of either statute to suggest that the legislature's intent was to provide that a violation of the Real Estate Licensing Act constitutes a violation of the Consumer Fraud Act. Neither do we find any support in Illinois case law for such a proposition. The appellate court does not have the authority to restrict or enlarge the plain meaning of an unambiguous statute (*People v. McCray* (1983), 116 Ill. App. 3d 24, 26, 451 N.E.2d 985), and we decline to set such a precedent. For the forgoing reasons, we affirm the trial court's dismissal of count II.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.