THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TROY L. GRIFFEN, Defendant-Appellant.

Fourth District   No. 4—89—0928

Opinion filed September 6, 1990.

Daniel D. Yuhas and Jon McPhee, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Troy L. Griffen appeals his sentence entered on a guilty plea to second-degree murder. Defendant argues the trial court erred in considering at sentencing an order of protection entered against him in an unrelated proceeding because he was not afforded an opportunity to rebut the evidence or cross-examine on the evidence. We affirm.

Only those facts necessary to a resolution of the issue before us will be recited.

On June 19, 1989, defendant, age 23, was involved in a confrontation with the victim and a third man at a gas station in Champaign during which defendant was struck in the face by the third man. Defendant left the gas station and met with some friends. Defendant told the friends he was upset about the earlier confrontation because the two men were being disrespectful toward him. Defendant then picked up a baseball bat and reportedly said to his friends he was going to go "bust some heads." Defendant later found the victim and the third man walking on the street and engaged in a lengthy verbal confrontation with the two. The victim was observed picking up a rock and walking toward the defendant with the rock raised over his head. The third man rushed at the defendant at one point, but was pushed away by the defendant. Defendant backed away from the victim for a distance and then said to the victim he would not back up any more. When the victim ap-

proached the defendant with the rock raised, as if to strike the defendant, the defendant swung the bat, hitting the victim in the head. The victim died three days later as a result of head injuries received from the attack by the defendant.

The presentence report reflected defendant had no prior criminal convictions. However, on May 2, 1986, defendant was sentenced to three years' deferred adjudication in Texas for forgery. Defendant completed this sentence in May 1989. At the time the presentence report was prepared in October 1989, defendant had numerous warrants outstanding in Texas, several of which included theft by check, speeding, driving without a license, and drag racing.

The report also reflected an order of protection was entered in Champaign County against the defendant by defendant's former live-in girlfriend and mother of his two-year-old daughter. Attached to the report was a copy of the petition for protection filed in December 1988 and a statement by defendant's girlfriend. The girlfriend stated defendant had physically abused her since January 1988 and, in addition, had verbally abused her and had neglected her minor child. Also attached to the presentence report were several letters supporting defendant as well as a victim-impact letter from the victim's family.

At sentencing, defendant asked the court not to consider the order of protection entered against him in determining his sentence. In the alternative, if the court did consider the order, the defendant asked the court to take judicial notice of the entire court file involving the domestic matter between defendant and his girlfriend. The court took judicial notice of the court file No. 88—C—1576. No testimony was offered by defendant regarding the order of protection.

The State argued for the maximum sentence of imprisonment at sentencing. The defendant asked for a sentence of six months in jail and four years' probation, given that (1) defendant had complied with a similar sentence in Texas and had complied with the order of protection which was entered by the same trial judge earlier in 1989; (2) the victim was the aggressor in the confrontation; and (3) defendant did not have a significant criminal history. Defendant also gave a statement in allocution.

Prior to announcing sentence, the trial judge detailed the circumstances of the offense. The trial judge noted defendant's lack of significant criminal record in mitigation. Further, the trial judge noted the letters written on defendant's behalf by family members and neighbors who knew the defendant when he was growing up in Texas. These letters reflected that defendant was a kind and gentle

person. However, with regard to the order of protection, the trial judge stated:

"Because the finding upon the entry of the order of protection in the other case was that the acts that [complainant] alleged occurred, did occur, and it leads me to conclude, along with the events of this present case, that under certain circumstances Mr. Griffen can be a violent person."

Because of defendant's recent history of violent behavior, the judge imposed a sentence of 12 years' imprisonment.

Defendant argues he was denied due process when the trial court considered the order of protection entered against him in an unrelated proceeding without allowing any testimony regarding the order to be presented. Defendant maintains the court precluded him from challenging the protective order and, thus, he is entitled to a new sentencing hearing.

The State contends defendant waived the issue he now raises on the consideration of the order of protection by not so objecting at sentencing. On the merits, the State argues the trial judge properly took into account other incidents of defendant's violent behavior in determining an appropriate sentence and the sentence is within the statutory range.

■ Trial judges are vested with wide discretion in sentencing in order to permit reasoned judgments as to the penalty appropriate to the case then presented. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348.) Thus, a trial judge's decision in regard to sentencing is entitled to great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) At sentencing, a trial judge is not limited to considering only information which would be admissible at a trial (*People v. Adkins* (1968), 41 Ill. 2d 297, 300, 242 N.E.2d 258, 260), but may search anywhere, within reasonable bounds, for facts which tend to aggravate or mitigate a sentence. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) Evidence of other criminal activity not resulting in a conviction may be considered at sentencing. (*People v. Neither* (1988), 166 Ill. App. 3d 896, 520 N.E.2d 1247.) The only limitations on evidence received in aggravation and mitigation at sentencing are relevance and reliability. *People v. Brisbon* (1985), 106 Ill. 2d 342, 478 N.E.2d 402.

Considering the State's waiver argument, the record shows the defendant did object, *for the record,* to the judge's consideration of the order of protection. However, alternatively, defendant asked that the court judicially notice the entire file concerning the matter. The record also shows the same trial judge entered the order of protec-

tion against the defendant some months previously. At the hearing on defendant's post-sentencing motion, defendant argued that because no transcript of the testimony taken in the civil case involving the order of protection was available, the trial judge should not have relied on his recollection of the testimony received in the civil case when determining defendant's sentence in this case.

■ We reject defendant's contention he was precluded from challenging the order of protection. The record in this case shows the sworn petition in support of the order. The information was reliable and alleged serious acts upon the part of the defendant. An agreed order of protection was entered on the petition. Although the complete background of the order of protection was known to defendant, he did not request that testimony be taken at sentencing or offer any further evidence in mitigation. Further, after being given an opportunity to do so, defendant did not challenge the accuracy of the information in the presentence regarding the order of protection.

■ The record shows the trial judge considered the order of protection and the findings *of record* supporting that order, not his personal recollection of the matter, in sentencing defendant. Due process in sentencing requires that the sentencing judge consider only accurate and relevant information regarding the defendant. (*La Pointe*, 88 Ill. 2d 482, 431 N.E.2d 344.) Consideration of the order of protection, which evidenced defendant's violent character, was proper in this case where defendant's violent behavior caused the death of another person.

For the foregoing reasons, the defendant's conviction and sentence for second-degree murder are affirmed.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.