STEPHEN C. LANE, Plaintiff-Appellant, v. THOMAS TITCHENEL *et al.*, Defendants-Appellees.

Fifth District   No. 5—89—0635

Opinion filed October 31, 1990.

Kurowski & Courtney, P.C., of Swansea (John J. Kurowski and Angelia Blackman-Donovan, of counsel), for appellant.

William F. Sherwood, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Stephen Lane, brought an action in negligence to recover for personal injuries he sustained on land owned by defendants,

Thomas and Phyllyse Titchenel. Plaintiff's amended complaint, filed July 27, 1988, in the circuit court of Madison County, alleges that on October 18, 1986, plaintiff was, at the invitation of defendants, upon certain rural property owned by defendants to attend a hayride; that defendants negligently and carelessly maintained the property in that it was not adequately lighted, a hole was permitted to be present, creating a dangerous condition, and defendants failed to repair the premises; and that as a direct result of this negligence, plaintiff fell and suffered injury.

On August 8, 1988, defendants filed an answer to the amended complaint, denying the allegations of negligence and raising the affirmative defense that, pursuant to the Illinois Recreational Use of Land and Water Areas Act (Ill. Rev. Stat. 1985, ch. 70, par. 31 *et seq.*) (hereinafter Act), defendants owed no duty of care to plaintiff to keep the premises in a safe condition or to warn of any dangerous condition. On March 13, 1989, plaintiff filed a motion for partial summary judgment on the affirmative defense raised by defendants, arguing that the Act only provided immunity from liability when the land was being used for a "recreational purpose" as defined in section 2 of that act (Ill. Rev. Stat. 1985, ch. 70, par. 32), and that plaintiff had not been on the land for a "recreational purpose." On April 21, 1989, defendants filed a motion for summary judgment arguing that plaintiff was upon their land for a recreational purpose within the meaning of the Act and that, therefore, as a matter of law, defendants owed no duty to plaintiff.

The evidence in support of and opposition to the motions for summary judgment establishes the following undisputed facts. The evening was planned by the defendants' son, who was employed by Andy's Auto Body Shop. The defendants offered the land to their son at no charge for a hayride/picnic for employees of Andy's Auto Body Shop. Food for the wiener roast was provided by Andy's Auto Body Shop. Defendants provided the wagon for the hayride. The site for the wiener roast was approximately one-quarter mile from defendants' house near a wooded area. Plaintiff stepped in a large puddle, fell and twisted his ankle, breaking the bone.

Defendants have routinely allowed other friends of their son to use the land for similar purposes at no charge. Indeed, every weekend in the summer months, friends of defendants' son bring their off-road vehicles to the site, where they camp and enjoy the weekend. There is a small shanty at the campsite and a privy.

On May 5, 1989, the circuit court of Madison County entered an order denying what it characterized as plaintiff's motion to strike

defendants' affirmative defense based upon the Act. The order finds that plaintiff was upon defendants' land for a hayride and wiener roast, that, although such activities are not specifically mentioned within the definition of "recreational purpose," they do fall within the broad range of activities specified in the Act, and that therefore the Act immunizes defendants from liability for plaintiff's injuries.

On September 6, 1989, the circuit court of Madison County entered an order granting defendants' motion for summary judgment. The order makes the same findings as does the court's order of May 5, 1989.

Plaintiff appeals from the denial of his motion for partial summary judgment and the granting of defendants' motion for summary judgment. He argues that the court's finding that the Act applies in this case is erroneous because: (1) plaintiff was not upon defendants' land for a "recreational purpose" within the meaning of the Act; and (2) defendants' land is covered by the Campground Licensing and Recreational Area Act (Ill. Rev. Stat. 1985, ch. 111½, par. 761 *et seq.*), thus, defendants are not entitled to the protection of the Recreational Use of Land and Water Areas Act.

■ We will summarily dispose of plaintiff's second argument, that the Campground Licensing and Recreational Area Act covers defendants' land rather than the Recreational Use of Land and Water Areas Act, as this argument was never raised before the trial court. It is too well settled for extensive discussion that issues and arguments which were not presented to or considered by the trial court cannot be raised for the first time on review. (*Skokie Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 1052, 452 N.E.2d 804, 811.) Plaintiff has waived this issue and we will not review it.

■ With respect to plaintiff's other argument, that plaintiff was not upon the land for a "recreational purpose," we first point out that summary judgment is properly granted when the pleadings, together with depositions, affidavits, and other material filed in support of and in opposition to the motion, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Schnabel v. County of Du Page* (1981), 101 Ill. App. 3d 553, 428 N.E.2d 671, 677.) In the instant case, the facts are not in dispute. Rather, the parties disagree on whether or not those facts place this case within the purview of the Act. Specifically, the parties disagree on the construction to be given to section 2 of the Act, which defines the term "recreational purpose," and whether plaintiff entered upon or used defendants' land for such a purpose.

The question of the construction or interpretation of a statute is peculiarly a matter of law, and summary judgment is properly entered upon such a question. (*Berrios v. Rybacki* (1989), 190 Ill. App. 3d 338, 348, 546 N.E.2d 651, 657.) However, we must determine whether the trial court properly answered that question of law and entered summary judgment in favor of the proper party. We conclude that it did and therefore affirm the judgment of the circuit court of Madison County.

The Recreational Use of Land and Water Areas Act in effect at the time of plaintiff's injury provides that an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purpose. Thus, the Act provides immunity only if the land is entered upon or used for a "recreational purpose." (Ill. Rev. Stat. 1985, ch. 70, par. 33.) The Act defines the term "recreational purpose" as follows:

> " 'Recreational purpose' includes, and is limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, snowmobiling, motorcycling, camping, picnicking, hiking, cave exploring, nature study, water skiing, water sports, bicycling, horseback riding, and viewing or enjoying historical, archaeological, scenic or scientific sites." (Ill. Rev. Stat. 1985, ch. 70, par. 32(c).)

The stated purpose of the Act is to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Ill. Rev. Stat. 1985, ch. 70, par. 31.

Plaintiff argues that the trial court erred in construing the Act liberally rather than strictly. He argues that the Act is clear that it is limited to those activities specifically mentioned, and that neither a hayride nor a wiener roast is so mentioned. Defendants respond that a hayride is encompassed in the language "viewing or enjoying *** scenic *** sites," and that a wiener roast is certainly included in the term "picnicking" found in that definition. Ill. Rev. Stat. 1985, ch. 70, par. 32(c).

Plaintiff is correct that a court should look first to the statutory language as the best indication of the intent of the drafters of the statute, and, where that language is unambiguous, enforce the law as enacted without resort to other aids (*Consolidation Coal Co. v. Department of Mines & Minerals* (1987), 160 Ill. App. 3d 677, 679, 514 N.E.2d 9, 10); that where a statute is in derogation of the com-

mon law, it should be strictly construed in light of the language used and nothing is to be read into such statute by intendment or implication (*Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 636, 509 N.E.2d 166, 167); that when the language of the statute is precise and the intent of the draftsmen is clear, the court's only function is to enforce the law as enacted (*Hanson v. Board of Trustees of State Universities Retirement System* (1983), 115 Ill. App. 3d 974, 976, 451 N.E.2d 925, 927); and that where there is in the statute an enumeration of various covered activities, such enumeration implies the exclusion of all others. *In re Estate of Orzoff* (1983), 116 Ill. App. 3d 265, 268, 452 N.E.2d 82, 84.

■ Although the activities enumerated in the Act appear to be specific, we find that the term "picnicking" may include many activities, such as a wiener roast, and that "viewing or enjoying *** scenic *** sites" may include such activities as a hayride. Indeed, picnics are often customarily accompanied by some activity such as a softball game, volleyball game or, perhaps, a hayride.

Plaintiff argues that the record reflects that no wiener roast actually occurred and that, even if it did, such activity was so incidental as to preclude its consideration in defining the primary purpose of the activities on defendants' premises on the night in question. This argument is completely unsupported by the record. The evidence indicates that one of the purposes of entering upon defendants' land was to have a wiener roast. Food was provided by Andy's Auto Body Shop. There is no indication in the record that a wiener roast did not take place, nor is there any indication that the wiener roast was somehow only incidental to the hayride.

Plaintiff also argues that a hayride conducted at night, under cover of darkness, does not allow for viewing or enjoying scenic sites. We think this argument is frivolous and, in any event, we disagree. A starlit night far away from the lights and noise of a city, the crisp night air of an October evening, the snap and crackle of fall leaves accompanied by the sounds of night birds, the moonlight faintly illuminating old trees and fallen leaves, can all be enjoyed on a hayride at night under cover of darkness.

Finally, plaintiff argues that the amendment of the Act in 1987 to broaden the definition of "recreational purpose" indicates that the legislature intended the original definition to be specific, all inclusive and narrowly construed. Even if this argument is accepted as true, we still find that a wiener roast and hayride fall within the original definition of "recreational purpose," which included "picnicking" and "viewing or enjoying *** scenic *** sites."

We do not think the trial court erred in construing section 2 of the Recreational Use of Land and Water Areas Act as including the activities which occurred in the case at bar. Accordingly, we affirm the judgment of the circuit court of Madison County which denied plaintiff's motion for partial summary judgment on the affirmative defense and granted defendants' motion for summary judgment on the complaint.

For the foregoing reasons we affirm the judgment of the circuit court of Madison County.

Affirmed.

CHAPMAN and HARRISON, JJ., concur.